# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 06-3959

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Eastern District of Missouri. |
| Robert Lindsey, | * | |
| | * | [PUBLISHED] |
| Appellant. | * | |

_____

Submitted: November 12, 2007
Filed: November 16, 2007

_____

Before RILEY, BOWMAN, and SMITH, Circuit Judges.

_____

PER CURIAM.

Robert Lindsey (Lindsey) appeals (1) the district court's[1] denial of his <u>Batson</u>[2] challenge to the government's peremptory strike of a prospective juror, and (2) the district court's denial of his motions for judgment of acquittal after a jury found Lindsey guilty of possessing a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c).[3] We affirm.

_____

[1]The Honorable E. Richard Webber, United States District Judge for the Eastern District of Missouri.

[2]<u>Batson v. Kentucky</u>, 476 U.S. 79 (1986).

[3]The jury also convicted Lindsey of possession with intent to distribute cocaine base, cocaine, and heroin, in violation of 21 U.S.C. §§ 841(a)(1), 844(a), and 851(a), but Lindsey does not challenge these convictions on appeal.

During the jury selection process, Lindsey challenged, under Batson, the government's strike of an African-American potential juror. The government explained it struck the juror in question because she (1) did not have strong ties to the community; (2) had an unstable job record; (3) was a substitute teacher; and (4) had a brother who served two consecutive terms in prison for burglary, robbery, and murder. Lindsey argued the government did not strike other similarly situated Caucasian potential jurors. Satisfied with the government's explanation, the district court denied Lindsey's Batson challenge explaining, "[i]nitially, I was persuaded that the reasons were pretextual. However, based upon the total of all of the reasons stated by [the government], I'm persuaded that the reasons stated are race neutral and the total of those explanations satisfy the Batson test." We review for clear error. See United States v. Moore, 895 F.2d 484, 485 (8th Cir. 1990) (standard of review); see also United States v. Atkins, 25 F.3d 1401, 1406 (8th Cir. 1994) (stating "the government can strike a venireperson who lacks attachment or commitment to community"); United States v. Day, 949 F.2d 973, 979 (8th Cir. 1991) (noting "sporadic employment history as a teacher . . . [was] sufficient to constitute a race-neutral motive for striking a venireperson."); United States v. Maxwell, 473 F.3d 868, 872 (8th Cir. 2007) (concluding "[t]he inference that a juror's employment [as a teacher] might make the juror more sympathetic to a criminal defendant is a valid, race-neutral reason for striking a juror."); United States v. Boyd, 168 F.3d 1077, 1077-78 (8th Cir. 1999) (per curiam) (finding incarceration of a family member is a "valid race-neutral reason[] for the juror's dismissal."). The record does not show any of the Caucasian venire members had all of the challenged factors the stricken venire member possessed. The trial judge must assess the credibility of the lawyer asserting reasons for a strike, as well as the reasons themselves. Our general practice is not to second guess a trial judge's credibility determination. We find no clear error here.

Lindsey also challenges the sufficiency of the evidence introduced at trial with respect to his conviction of possessing a firearm in furtherance of a drug trafficking crime. We review the denial of a motion for judgment of acquittal based upon sufficiency of the evidence in the light most favorable to the government, giving the government the benefit of all reasonable inferences. See United States v. Maxwell, 363 F.3d 815, 817 (8th Cir. 2004). "We will reverse only if no construction of the

evidence exists to support the jury's verdict." Id. at 818 (quoting United States v. Cunningham, 83 F.3d 218, 222 (8th Cir. 1996)). To convict Lindsey of possessing a firearm in furtherance of a drug trafficking crime, the government had to prove a nexus between Lindsey's possession of the firearm and the drug crime. United States v. Rolon-Ramos, 2007 WL 2820288 at *6 (8th Cir. 2007). At trial, a detective testified (1) when he approached Lindsey's vehicle, Lindsey was sitting in the driver's seat with the window rolled down; (2) he could see Lindsey holding several clear plastic bags of what appeared to contain, and was later verified to be, crack cocaine; and (3) after placing Lindsey under arrest, he later searched Lindsey's vehicle and found a firearm beneath the seat where Lindsey was sitting. Expert testimony at trial explained drug dealers use firearms to protect themselves, their drugs, and their money. Our court has often recognized the role of firearms in drug dealing. See United States v. Espinosa, 300 F.3d 981, 984 (8th Cir. 2002). We conclude this evidence was sufficient to prove a nexus between Lindsey's possession of the firearm and a drug crime, and thereby to support Lindsey's conviction of possession of a firearm in furtherance of a drug trafficking crime.

The judgment of the district court is affirmed.[4]

_____

[4]Expressing dissatisfaction with counsel's performance, Lindsey filed a motion to compel his attorney to submit a reply brief in this matter. The motion is denied. Complaints regarding counsel's performance should be presented, if at all, in a 28 U.S.C. § 2255 proceeding where the record can be properly developed. United States v. Harris, 310 F.3d 1105, 1111-12 (8th Cir. 2002).