# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 06-3675

_____

United States of America,

Plaintiff-Appellee,

v.

Robert Lee Williams, also known as
Pimpin Rob,

Defendant-Appellant.

*
*
*
*
*
*
*
*
*
*
*

Appeal from the United States
District Court for the Northern
District of Iowa.

_____

Submitted: November 13, 2007
Filed: January 16, 2008

_____

Before MELLOY, BEAM and SHEPHERD, Circuit Judges.

_____

MELLOY, Circuit Judge.

A jury convicted Defendant Robert Lee Williams of conspiring to distribute, possessing with intent to distribute, and distributing crack cocaine. In addition, the jury convicted him of possessing a firearm in furtherance of a drug trafficking crime and possessing a firearm as a convicted felon. Defendant's undisputed overall offense level under the Sentencing Guidelines was 38, and he had 23 criminal history points, resulting in a Category VI criminal history. His overall advisory Guidelines sentencing range was 360 months to life with a mandatory, consecutive, 60 month term of imprisonment on one of the gun counts.

The district court[1] determined that the Guidelines' crack/powder cocaine differential was unjust in this case. The district court also determined that giving Defendant some hope of release during his lifetime would comport with sentencing goals: the possibility of release would provide Defendant with motivation to be a good prisoner and prison officials with a tool to induce Defendant's compliance with prison rules. The district court used an advisory Guidelines starting point of 396 months and varied downwardly to a term of 316 months' imprisonment to be followed by the consecutive 60 month term, resulting in an overall sentence of 376 months' imprisonment.

Defendant appeals, arguing the district court improperly admitted audio and video recordings that were too poor in quality to be relied upon by a jury. He also argues the evidence was insufficient to prove beyond a reasonable doubt that he possessed the firearm. Finally, he argues that his overall sentence was unreasonable. The government initially cross-appealed the below-Guidelines sentence based on the district court's rejection of the policy determinations reflected in the crack/powder cocaine differential. Subsequent to the Sentencing Commission's announcement of an amendment to the relevant Guidelines provisions, however, the government withdrew its cross-appeal.[2]

---

[1] The Honorable Mark W. Bennett, United States District Judge for the Northern District of Iowa.

[2] See Sentencing Guidelines for United States Courts, 72 Fed. Reg. 28,558, 28571–72 (May 21, 2007) (setting forth amendments reducing the differential in sentences associated with quantities of powder and crack cocaine). We note also that subsequent to the government's withdrawal of the cross appeal in this case, the Supreme Court issued its opinion in Kimbrough v. United States, 128 S. Ct. 558, 575 (2007) ("Given all this, it would not be an abuse of discretion for a district court to conclude when sentencing a particular defendant that the crack/powder disparity yields a sentence 'greater than necessary' to achieve § 3553(a)'s purposes, even in a mine-run case.").

I.    Background

While investigating suspected drug trafficking by Defendant and his girlfriend, Pearl Freemont, police conducted two controlled buys from Defendant. The controlled buys took place on August 16 and August 17, 2005, at a residence shared by Defendant and Freemont. On August 16, police made a video recording of the outside of the residence, and on both days, police made audio recordings of the controlled buys. After the second controlled buy, police executed a search warrant at the residence and, in a bedroom shared by Defendant and Freemont, found a distribution quantity of crack cocaine and a box of ammunition. In the same bedroom, under a mattress, police found a loaded, semi-automatic, nine-millimeter handgun.

Freemont initially claimed that the gun belonged to her and that Defendant was not involved with the gun. She later changed her story, however, and agreed to assist the police. She eventually testified that Defendant obtained the gun for her use in May 2005. She also testified that she and Defendant handled the gun, the gun was for protection related to drug trafficking, and Defendant had hit another person on the head with the gun. Freemont and other witnesses established that Freemont and Defendant shared the bedroom where police found the gun and drugs.

Other witnesses testified regarding Defendant's involvement with the gun and with drug trafficking. Two cooperating witnesses testified that they had seen Defendant and Freemont with a black handgun during drug transactions. Another witness testified that she saw Defendant hit someone with the gun. A fourth witness testified that Defendant and Freemont kept the gun in the shared bedroom, and a final witness testified that both Defendant and Freemont had handled the gun.

Over objection, the district court admitted the audio and video recordings into evidence. Defendant argued that the quality of the recordings was too poor to permit their introduction and that the content of the recordings failed to demonstrate that drug

trafficking had occurred, but the district court rejected these arguments. The jury ultimately convicted Defendant on the three drug counts and two gun counts described above.

Following Defendant's conviction, the district court determined that the relevant drug quantity was at least two kilograms of crack cocaine and that the advisory Guidelines sentencing range was 360 months to life plus the statutory 60 month term for possessing the firearm in furtherance of drug trafficking. The district court used 396 months as a starting point for sentencing on the drug counts. Based largely on disagreement with the 100:1 crack-to-powder cocaine differential contained in the Guidelines, the district court imposed the below-Guidelines sentence of 316 months' imprisonment with the consecutive 60 month term for a total sentence of 376 months.

II.    Discussion

A.    Admissibility of the Audio and Video Recordings

Defendant challenged the audio and video recordings under Federal Rule of Evidence 403, arguing that the danger of unfair prejudice substantially outweighed the recordings' probative value due to the poor quality of the recordings and due to graphic and obscene language contained on the recordings. We review the admission of challenged evidence only for abuse of discretion. United States v. Munoz, 324 F.3d 987, 992 (8th Cir. 2003); United States v. Guerrero-Cortez, 110 F.3d 647, 652 (8th Cir. 1997). Regarding the video, Defendant does not contest that it showed the residence at issue in this case, nor does he explain with any specificity how admission of the video could have caused any unfair prejudice. Fed. R. Evid. 403. Regarding the audio, Defendant notes that there were over forty instances where the parties agreed the recordings were inaudible. Defendant, however, does not contest the accuracy of audio recording transcripts that he provided to our court for review. The

portions of the audio that were understandable were substantial and consistent with witnesses' claims about the controlled buys that occurred on August 16 and 17. Taken in the context of the entirety of the evidence, the recordings were not of such poor quality that their probative value was substantially outweighed by any unfair prejudice. The district court did not abuse its discretion by admitting the recordings.

Further, the evidence of Defendant's drug trafficking was overwhelming, and the district court gave the jury a cautionary instruction regarding the quality of the recordings. As such, even if admission of the recordings had been an abuse of discretion, any such error would have been harmless.

B.      Sufficiency of the Evidence

Defendant's challenge to the sufficiency of the evidence is limited to evidence regarding his possession of the firearm and the nexus between that firearm and drug trafficking. Possession may be actual or constructive and need not be exclusive. United States v. Brown, 422 F.3d 689, 692 (8th Cir. 2005). Proof of constructive possession requires evidence that a defendant knowingly has the power and intention to exercise control over the firearm either directly or through another. Id.; see also United States v. Tindall, 455 F.3d 885, 887 (8th Cir. 2006) (stating that constructive possession may be established "if the person has dominion over the premises where the firearm is located, or control, ownership, or dominion over the firearm itself" (internal quotation and citation omitted)). Here, there was ample evidence to prove that Defendant actually and constructively held joint possession of the firearm with Freemont. Testimony from numerous witnesses established that Defendant and Freemont shared the residence and bedroom where police discovered the firearm, drugs, and ammunition. Freemont ultimately testified that she and Defendant held joint possession of the firearm, and the jury was free to believe this testimony despite the fact that she had initially stated otherwise. Numerous other witnesses testified that they saw Defendant exercise control over the firearm during drug transactions.

-5-

Regarding evidence of a nexus to drug trafficking, we have repeatedly held that a jury may find the requisite nexus when a firearm is discovered in close proximity with drugs so as to support the inference that the firearm is for protection of the drugs. United States v. Bell, 477 F.3d 607, 614 (8th Cir. 2007); United States v. Stevens, 439 F.3d 983, 989–90 (8th Cir. 2006). Further, as already stated, there was witness testimony regarding Defendant's possession of the firearm in furtherance of drug trafficking.

C.      Reasonableness of the Sentence

In Gall v. United States, 128 S. Ct. 586, 591 (2007), the Supreme Court recently clarified the standard of review we are to apply in our review of sentences post-Booker and emphasized the importance of district courts' discretion in determining appropriate sentences under 18 U.S.C. § 3553(a). We are instructed, first, to ensure that no procedural errors tainted the sentencing process. Gall, 128 S. Ct. at 597. Second, we are to "consider the substantive reasonableness of the sentence imposed under an abuse-of-discretion standard." Id. Here we find no procedural errors in the sentencing process, and, in fact, Defendant alleges no such errors. Further, Defendant does not challenge the district court's selection of 396 months as a "starting point" within the advisory, 360-month-to-life Guidelines range. Defendant argues only that his sentence was unreasonable and that he should have received a greater downward variance, largely because his codefendant, Freemont, received a lower sentence. Freemont, however, provided substantial assistance, received a departure under U.S.S.G. §5K1.1 and 18 U.S.C. § 3553(e), and had a considerably less extensive criminal history than Defendant. We find no abuse of discretion regarding Defendant's sentencing and the district court's careful application of § 3553(a).

We affirm the judgment of the district court.

_____