# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 08-1421

_____

| | |
|---|---|
| United States of America, | * |
| | * |
| Appellee, | * |
| | *   Appeal from the United States |
| v. | *   District Court for the |
| | *   District of Nebraska. |
| Jose G. Valdivia, | * |
| | *   [UNPUBLISHED] |
| Appellant. | * |

_____

Submitted: October 6, 2009
Filed: October 13, 2009

_____

Before MURPHY, COLLOTON, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Jose G. Valdivia pleaded guilty to possessing with intent to deliver more than
5 grams of actual methamphetamine, in violation of 21 U.S.C. § 841(a)(1),
(b)(1)(B)(viii); to possessing a firearm in furtherance of a drug-trafficking crime, in
violation of 18 U.S.C. § 924(c); and to three forfeiture counts. The district court[1]
imposed consecutive prison sentences of 78 months on the drug count and 60 months
on the gun count, to be followed by concurrent 5-year terms of supervised release. On
appeal, counsel has moved to withdraw, and in a brief filed under Anders v.

_____

[1]The Honorable Laurie Smith Camp, United States District Judge for the
District of Nebraska.

California, 386 U.S. 738 (1967), he argues that the district court's sentence is excessive and unreasonable. In a pro se motion, Valdivia seeks to compel his counsel to argue that the district court erred in finding a sufficient factual basis for his guilty plea to the gun conviction. For the reasons discussed below, we affirm.

Valdivia pleaded guilty pursuant to a written plea agreement that stipulated to the total offense level for the drug offense and to a 5-year consecutive sentence for the gun offense. The district court followed those stipulations, and after granting Valdivia's motion to depart to a lower criminal history, sentenced him to the low end of the recommended Guidelines range of imprisonment on the drug charge and the statutory 5-year consecutive sentence on the gun charge. In these circumstances, Valdivia has not rebutted the presumption that his sentence is reasonable. See United States v. Dembry, 535 F.3d 798, 801 (8th Cir. 2008) (appellate court presumes prison sentence within advisory Guidelines range is reasonable), cert. denied, 129 S. Ct. 958 (2009); United States v. Mickelson, 433 F.3d 1050, 1051, 1055-56 (8th Cir. 2006) (defendant who explicitly and voluntarily exposes himself to specific sentence may not challenge that punishment on appeal; defendant's stipulation to applicable Guidelines range and counsel's request for sentence within that range may be interpreted as acknowledgment that any sentence within that range would have been reasonable). As to Valdivia's motion to compel counsel to challenge the factual basis for his plea to the gun charge, we conclude that any such argument by counsel would fail. See United States v. Williams, 512 F.3d 1040, 1044 (8th Cir.), cert. denied, 128 S. Ct. 2918 (2008).

Having reviewed the record independently under Penson v. Ohio, 488 U.S. 75, 80 (1988), we have found no nonfrivolous issues. Accordingly, we affirm. We deny Valdivia's appellate motion, and we grant counsel's motion to withdraw, subject to counsel advising Valdivia about procedures for seeking rehearing and filing a petition for writ of certiorari.

_____