# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 08-3400

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the |
| v. | * | Eastern District of Arkansas. |
| | * | |
| Andre Jefferson, | * | [UNPUBLISHED] |
| | * | |
| Appellant. | * | |

_____

Submitted: January 8, 2010
Filed: February 5, 2010

_____

Before MURPHY, COLLOTON, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

A jury found Andre Jefferson guilty of possessing with intent to distribute more than 5 grams but less than 50 grams of a mixture and substance containing cocaine base, in violation of 21 U.S.C. § 841(a)(1); knowingly possessing a firearm in furtherance of a drug trafficking offense, in violation of 18 U.S.C. § 924(c)(1)(A)(i); possessing a firearm after having been convicted of a felony, in violation of 18 U.S.C. § 922(g)(1); and possessing with intent to distribute more than 5 grams but less than 50 grams of a mixture and substance containing cocaine base within 1,000 feet of a public elementary school, in violation of 21 U.S.C. §§ 841(a)(1) and 860. The district court sentenced him to 210 months in prison and 10 years of supervised release. His counsel has moved to withdraw and has filed a brief under <u>Anders v. California</u>, 386

U.S. 738 (1967), challenging the sufficiency of the evidence to support the convictions.

We review the sufficiency of the evidence de novo, viewing the evidence in the light most favorable to the jury's verdict. See United States v. Myers, 575 F.3d 801, 808 (8th Cir. 2009). As to the drug offenses, we conclude that the evidence was sufficient to find Jefferson guilty of violating section 860. See 21 U.S.C. § 860 (any person who violates § 841(a)(1) by possessing with intent to distribute controlled substance within 1,000 feet of real property comprising public elementary school shall be punished); United States v. Serrano-Lopez, 366 F.3d 628, 634 (8th Cir. 2004) (listing elements for possession of controlled substance with intent to distribute under § 841(a)); United States v. Cruz, 285 F.3d 692, 697 (8th Cir. 2002) (possession of contraband need not be exclusive, but may be joint; possession can be either actual or constructive); United States v. Brett, 872 F.2d 1365, 1370 (8th Cir. 1989) (intent to distribute may be inferred solely from possession of large quantity of drugs; presence of firearm is also evidence of intent to distribute). However, because a violation of section 841(a) is a lesser included offense of section 860, Jefferson's conviction for both offenses violates the Double Jeopardy Clause, and we must remand so the district court can vacate the judgment of conviction and sentence for the lesser offense. See United States v. Carpenter, 422 F.3d 738, 747 (8th Cir. 2005).

As to the firearm offenses, we conclude that there was sufficient evidence to support both convictions. See United States v. Kent, 531 F.3d 642, 652 (8th Cir. 2008) (to obtain conviction for possession of firearm in furtherance of drug trafficking crime, government must prove nexus between possession of firearm and underlying drug crime; jury may infer that firearm was used in furtherance of drug crime when it is kept in close proximity to drugs, it is quickly accessible, and there is expert testimony regarding use of firearms in connection with drug trafficking); United States v. Lindsey, 507 F.3d 1146, 1148 (8th Cir. 2007) (per curiam) (evidence was sufficient to support conviction for possession of firearm in furtherance of drug

trafficking crime where defendant was sitting in driver's seat of vehicle holding several plastic bags containing crack, detective found firearm beneath seat where defendant was sitting, and expert testified at trial that drug dealers use firearms to protect themselves, their drugs, and their money), cert. denied, 128 S. Ct. 1328 (2008); United States v. Davis, 449 F.3d 842, 846 (8th Cir. 2006) (to obtain § 922(g)(1) conviction, government must prove beyond reasonable doubt that defendant had previously been convicted of crime punishable by prison term exceeding one year, and knowingly possessed firearm which had been in or affected interstate commerce).

Having reviewed the record independently under Penson v. Ohio, 488 U.S. 75, 80 (1988), we find no other nonfrivolous issues for appeal. Accordingly, we grant defense counsel's motion to withdraw on condition that counsel inform appellant about the procedures for filing petitions for rehearing and for certiorari; we deny Jefferson's motion for new counsel; and we affirm Jefferson's convictions for possession of a firearm in furtherance of a drug trafficking offense, possession of a firearm after having been convicted of a felony, and possession of cocaine base within 1,000 feet of a school with intent to distribute. We reverse and remand for the district court to vacate Jefferson's conviction and sentence for possessing cocaine base with intent to distribute in violation of section 841(a)(1).

_____