# United States Court of Appeals
### For the Eighth Circuit

_____

No. 12-1213

_____

United States of America

*Plaintiff - Appellee*

v.

Robbie Dean Fetters, also known as Robert Dean Fetters

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Southern District of Iowa - Des Moines

_____

Submitted: September 21, 2012
Filed: October 23, 2012

_____

Before MELLOY, BEAM, and BENTON, Circuit Judges.

_____

BENTON, Circuit Judge.

A jury convicted Robbie Dean Fetters of two counts of being a felon in possession of a firearm and ammunition, conspiracy to distribute methamphetamine, two counts of meth distribution, possession of meth with intent to distribute, and possession of a firearm in furtherance of a drug trafficking crime – in violation of 18

U.S.C. §§ 922(g)(1), 924(c) and 21 U.S.C. §§ 846, 841(a)(1). Fetters appeals, arguing the district court[1] erred in denying (1) his motions for a mistrial and new trial based on improper testimony and (2) his motion for judgment of acquittal on three counts based on insufficiency of the evidence. Having jurisdiction under 28 U.S.C. § 1291, this court affirms.

"This court states the facts most favorably to the jury's verdict." *United States v. Moya*, 690 F.3d 944, 947 (8th Cir. 2012).

On January 6, 2010, police and federal agents executed a search warrant at Fetters's residence. An agent found a .22 caliber revolver and holster hidden in the front bedroom vent, with ammunition throughout the house.

In March, agents used an informant for two controlled buys of meth from Fetters. Three days after the second buy, officers arrested Fetters for a hit-and-run and driving-with-a-suspended-license. On him was around $2,800 in cash and an empty holster. Officers discovered the car's license plate belonged to a different vehicle. They found a .38 caliber revolver under the front passenger seat. The booking officer found 11.73 grams of 73% pure meth on Fetters.

At trial, witnesses testified about Fetters's meth dealing and firearm possessions. Fetters did not testify and stipulated to being convicted of a crime punishable by imprisonment for more than one year. Three government witnesses referenced his criminal history. After the jury's verdict on seven counts, the court denied motions for a mistrial and new trial.

---

[1]The Honorable John A. Jarvey, United States Judge for the Southern District of Iowa.

I.

Fetters argues that improper testimony required a mistrial or new trial. This court reviews denials of motions for a mistrial and new trial for abuse of discretion. *United States v. Garrett*, 648 F.3d 618, 624 (8th Cir. 2011); *United States v. Rice*, 449 F.3d 887, 893 (8th Cir. 2006). "Motions for new trials are generally disfavored and will be granted only where a serious miscarriage of justice may have occurred." *Id.* (internal citations omitted). "The prejudicial effect of any improper testimony is determined by examining the context of the error and the strength of the evidence of the defendant's guilt." *United States v. Hollins*, 432 F.3d 809, 812 (8th Cir. 2005). Generally, remedial instructions cure improper statements, and substantial evidence of guilt "precludes . . . reversing the district court." *United States v. Molina-Perez*, 595 F.3d 854, 861-62 (8th Cir. 2010).

Fetters contends that three references to his criminal history were unfairly prejudicial because they violated the trial stipulation and he did not testify. First, defense counsel asked a government witness the last time he saw Fetters before agreeing to be an informant. He responded, "Last time I seen him was . . . before he got locked up for some kind of gun charge." Fetters did not object but later moved for a mistrial. In its instructions, the court admonished, "Other than the stipulation . . . there is no evidence of any criminal conviction of the defendant for any other crime." Second, asked why he had Fetters remove his shirt, the booking officer said, "I worked at the jail for almost three years now, dealt with Inmate Fetters on several occasions inside of the jail. I know he has health problems." The court immediately struck this testimony, instructing the jury to disregard it. Finally, a narcotics officer testified that a drug dealer might change the license plate on a vehicle because it was stolen. The prosecutor next sought to clarify that the officer was not saying that Fetters was driving a stolen vehicle. The court promptly struck the testimony, instructing the jury to disregard it.

These isolated comments were "fleeting" and remedied by the district court. *See United States v. Sherman*, 440 F.3d 982, 988 (8th Cir. 2006). Evidence of Fetters's guilt was substantial, including recordings of two controlled meth purchases, testimony from multiple witnesses about meth dealing and firearm possessions, and the arrest with a gun and meth in his possession. There was no evidence of misconduct or inappropriate questioning by the prosecutor. The "three comments . . . in the context of the entire trial . . . [were not] so egregious as to warrant a conclusion that the district court abused its discretion in refusing to grant a mistrial" or new trial. *Id.*; *cf. United States v. Beeks*, 224 F.3d 741, 747 (8th Cir. 2000) ("[T]he government's case . . . was not strong . . . but it was substantially bolstered by the prosecutor's inappropriate questioning.").

II.

Fetters claims the district court erred in denying his motion for judgment of acquittal, because insufficient evidence supported his convictions for (1) being a felon in possession of the .22 and ammunition, (2) possession of meth with intent to distribute, and (3) possession of the .38 in furtherance of a drug trafficking crime. This court reviews de novo denial of a motion for judgment of acquittal, "viewing evidence in the light most favorable to the . . . verdict . . . [and] revers[ing] only if no reasonable jury could have found the defendant guilty beyond a reasonable doubt." *United States v. Garcia*, 646 F.3d 1061, 1066 (8th Cir. 2011) (citations omitted).

First, as to the possession of the .22 and ammunition, the government was required to prove "that (1) he had previously been convicted of a crime punishable by a term of imprisonment exceeding one year; (2) he knowingly possessed a firearm; and (3) the firearm had been in or had affected interstate commerce." *United States v. Abdul-Aziz*, 486 F.3d 471, 477 (8th Cir. 2007). The only issue is whether Fetters knowingly possessed the .22 and ammunition. "Constructive possession of the firearm is established where the suspect has dominion over the premises where the

firearm is located, or control, ownership, or dominion over the firearm itself." ***United States v. Smart***, 501 F.3d 862, 865 (8th Cir. 2007). "Possession may be joint; it need not be exclusive." ***Id.*** The government can show constructive possession when "the firearm was seized at the defendant's residence." ***Abdul-Aziz***, 486 F.3d at 477.

Law enforcement seized the .22 and holster from the front bedroom vent at Fetters's residence and found ammunition throughout the house. Fetters argues he did not own the residence. But ownership is not required to prove dominion. *See **United States v. Ortega***, 270 F.3d 540, 545-46 (8th Cir. 2001). Evidence showed Fetters lived at the house. Witnesses visited him there and observed him deal meth from the front bedroom, where his girlfriend lived. One witness testified that the .22 and holster resembled those she saw at the house a few days before the search. Another witness saw Fetters with a .22. Several witnesses saw Fetters with a gun while dealing meth. Fetters claims the witnesses were not trustworthy. Witness credibility is "within the province of the jury and virtually unreviewable on appeal." ***United States v. Rush***, 651 F.3d 871, 877 (8th Cir. 2011). "While the evidence supporting knowing possession is not overwhelming, . . . 'a jury rarely has direct evidence of a defendant's knowledge,' and . . . such knowledge is therefore 'generally established through circumstantial evidence.'" ***Abdul-Aziz***, 486 F.3d at 478, *quoting **United States v. Ojeda***, 23 F.3d 1473, 1476 (8th Cir. 1994). It was not unreasonable for the jury to conclude Fetters knowingly possessed the .22 and ammunition.

Second, Fetters contends insufficient evidence supported conviction for possession of meth with intent to distribute. This crime "consists of two elements: knowing possession of [meth] and the intent to distribute it." ***United States v. McClellon***, 578 F.3d 846, 854 (8th Cir. 2009). Drug quantity and purity level, drug paraphernalia, prior sales, and the presence of cash or a firearm support an inference of intent to distribute. ***Id.*** at 854-55; ***United States v. Dawson***, 128 F.3d 675, 677 (8th Cir. 1997).

Fetters concedes he possessed meth but asserts he did not intend to distribute it. When police arrested Fetters, he possessed 11.73 grams of 73% pure meth and small baggies, around $2,800 in cash, and a .38. A narcotics expert testified that this was a distribution amount, the purity was very high, and the small baggies were used for packaging meth. *See United States v. Vega*, 676 F.3d 708, 715, 721 (8th Cir. 2012) (possession of 8.6 grams of 80% pure meth is sufficient); *cf. United States v. Lopez*, 42 F.3d 463, 467-69 (8th Cir. 1994) (possession of 4.1 grams of 47% pure meth, without more, is insufficient); *United States v. Franklin*, 728 F.2d 994, 998-1000 (8th Cir. 1984) (possession of 35 grams of 42% pure cocaine, without more, is insufficient). Fetters's supplier testified Fetters intended to re-sell the meth. According to the evidence, he made prior meth sales, including three days before his arrest. Although he offered alternative theories, including meth addiction, the jury has "the sole responsibility to resolve conflicts or contradictions in testimony." *Moya*, 690 F.3d at 949, *quoting United States v. Aldridge*, 664 F.3d 705, 715 (8th Cir. 2011). A reasonable jury could find Fetters possessed meth with intent to distribute it.

Finally, Fetters argues insufficient evidence supported conviction for possession of the .38 in furtherance of a drug trafficking crime. The government had to prove Fetters committed a drug trafficking crime and possessed a firearm in furtherance of that crime. *United States v. Robinson*, 617 F.3d 984, 988 (8th Cir. 2010). "Possession may be actual or constructive and need not be exclusive." *United States v. Williams*, 512 F.3d 1040, 1044 (8th Cir. 2008). "[S]imultaneous possession of drugs and a firearm, standing alone, is insufficient to sustain a conviction." *Robinson*, 617 F.3d at 988. The jury may infer the requisite nexus between the firearm and the crime "when [the firearm] is kept in close proximity to the drugs, it is quickly accessible, and there is expert testimony regarding the use of firearms in connection with drug trafficking." *United States v. Close*, 518 F.3d 617, 619 (8th Cir. 2008).

Fetters claims he had the .38 because of a conflict between two acquaintances. "A jury is free to believe or reject . . . testimony in part or in whole." *Id.* at 620. A

witness testified that Fetters told him to "get rid of" the .38 just before the arrest and that he hid it under the passenger seat. The .38 was thus in close proximity to the meth, drug paraphernalia, and cash found on Fetters. Multiple witnesses testified to seeing Fetters carry a firearm during meth deals. The government's expert testified that guns are often used in drug trafficking for protection. This evidence, coupled with Fetters's drug convictions, "could lead a reasonable trier of fact to conclude that [Fetters] possessed the weapon to protect his meth[] trafficking activities." *Robinson*, 617 F.3d at 989 (affirming conviction under similar facts). Sufficient evidence supported his conviction for possession of the .38.

\* \* \* \* \* \* \*

The judgment of the district court is affirmed.

_____