# United States Court of Appeals
## For the Eighth Circuit

_____

No. 12-2858

_____

United States of America

*Plaintiff - Appellee*

v.

Sandra Garcia De Alvarez

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Northern District of Iowa - Sioux City

_____

Submitted: February 5, 2013
Filed: February 6, 2013
[Unpublished]

_____

Before MURPHY, SMITH, and COLLOTON, Circuit Judges.

_____

PER CURIAM.

Sandra Garcia De Alvarez appeals after a jury found her guilty of conspiring
to distribute methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 846, and

the district court[1] sentenced her to the 60-month statutory minimum prison term and 4 years of supervised release. De Alvarez's counsel has moved to withdraw, and has filed a brief under Anders v. California, 386 U.S. 738 (1967), challenging the sufficiency of the evidence to support the jury's verdict. In particular, he argues that the testimony of cooperating witnesses was unreliable and not credible.

We conclude that the evidence was sufficient to support the conviction. See United States v. Pruneda, 518 F.3d 597, 605 (8th Cir. 2008) (this court reviews challenges to sufficiency of evidence de novo, viewing evidence in light most favorable to jury's verdict and giving it benefit of all reasonable inferences). Law enforcement agents testified that they seized methamphetamine, cash, and drug paraphernalia from the home that De Alvarez shared with her husband; and three cooperating witnesses testified that De Alvarez's husband was their methamphetamine dealer, and that occasionally when he was out of town, De Alvarez would handle the exchange of methamphetamine and cash. See United States v. Hernandez, 569 F.3d 893, 896 (8th Cir. 2009) (government must prove there was agreement to distribute drugs, and defendant knew of conspiracy and intentionally joined it); United States v. McAdory, 501 F.3d 868, 871 (8th Cir. 2007) (tacit understanding among co-conspirators often will be inferred from circumstantial evidence); see also United States v. Fetters, 698 F.3d 653, 657 (8th Cir. 2012) (witness credibility is within province of jury and virtually unreviewable on appeal); United States v. Hodge, 594 F.3d 614, 618 (8th Cir. 2010) (jury had prerogative to credit or discount government's witnesses based upon their cooperation agreements).

After reviewing the record independently under Penson v. Ohio, 488 U.S. 75 (1988), we have found no nonfrivolous issues for appeal. Accordingly, we affirm the judgment of the district court and we grant counsel leave to withdraw, subject to

---

[1]The Honorable Mark W. Bennett, United States District Judge for the Northern District of Iowa.

counsel informing De Alvarez about procedures for seeking rehearing or filing a petition for certiorari.

_____