# United States Court of Appeals

## For the Eighth Circuit

_____

No. 14-2432

_____

United States of America

*Plaintiff - Appellee*

v.

Joel Wayne Griffin

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Northern District of Iowa - Sioux City

_____

Submitted: May 15, 2015
Filed: July 8, 2015
[Unpublished]

_____

Before WOLLMAN, SMITH, and BENTON, Circuit Judges.

_____

PER CURIAM.

A jury convicted Joel Griffin of conspiracy to distribute marijuana, in violation of 21 U.S.C. §§ 841(b)(1)(C) and 846; possession with intent to distribute marijuana, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(D); and possession of a firearm in furtherance of a drug-trafficking crime, in violation of 18 U.S.C. § 924(c). Griffin

appeals, arguing that the district court[1] erred in denying his motion for judgment of acquittal on the § 924(c) count. We affirm.

In March 2011, law enforcement agents discovered about 15.5 pounds of marijuana in a duffel bag in a storage unit in Okoboji, Iowa, and subsequently set up a series of controlled drug transfers. Law enforcement had the storage facility's owner contact John Martini, the person who was renting the storage unit, to advise him that his payment was past due and that he could retrieve his property once his back rent was paid. When Martini retrieved the marijuana, law enforcement stopped his vehicle and, after interviewing him, determined that he had sublet his storage unit to Brent Harris. Law enforcement then had Martini arrange to meet with Harris to perform a controlled transfer of the marijuana. After being apprehended during his retrieval of the marijuana, Harris agreed to cooperate with the investigation. Law enforcement then attempted to set up a reverse controlled delivery of the marijuana to a man named Robert Taylor through Harris, but Taylor informed Harris that Griffin would retrieve the marijuana.

Griffin met Harris in a parking lot and entered Harris's vehicle unarmed. Harris gave Griffin a key to the storage unit in Okoboji, where law enforcement had returned the duffle bag containing the marijuana. After observing Griffin retrieve the marijuana from the storage unit, law enforcement stopped and searched Griffin's vehicle. During the search, they found the duffle bag containing marijuana in the trunk, as well as marijuana on the rear driver's-side floor board of the vehicle. They also recovered $800 in U.S. currency from the glove box, a loaded .45 caliber Taurus Judge revolver from the door pocket on the driver's side, and a bag containing several types of ammunition from the floor board.

---

[1]The Honorable Donald E. O'Brien, United States District Judge for the Northern District of Iowa.

-2-

At trial, Harris testified that he, Griffin, and Taylor had conspired over the course of several years to transport and distribute marijuana. Harris testified that he had never carried a firearm and "never felt the need" to do so. He also testified that he had never observed Griffin carrying a firearm while dealing with drugs. Griffin introduced evidence that he had a permit to carry the revolver and had completed a firearms safety course. The government offered the testimony of Agent Chris Nissen of the Iowa Division of Narcotics Enforcement, who stated that he had been involved in a number of drug and firearms investigations and that based on his training and experience, firearms are commonly carried by drug traffickers to protect drugs, cash, and their persons. In response to questioning from the defense, Nissen stated that Griffin's firearm could have been used for lawful purposes, such as hunting, and that he could not name another defendant charged with possessing a firearm in violation of 18 U.S.C. § 924(c) who possessed a valid firearms permit.

At the conclusion of the government's case, Griffin moved for a judgment of acquittal on all counts, which the district court denied. On appeal, Griffin argues only that the district court erred in denying the motion because there was insufficient evidence to support a finding that he possessed the revolver "in furtherance" of the drug-trafficking crime.

We review the denial of a motion for judgment of acquittal *de novo*, viewing the evidence in the light most favorable to the jury's verdict, and we will reverse only if no reasonable jury could have found the defendant guilty beyond a reasonable doubt. United States v. Fetters, 698 F.3d 653, 657 (8th Cir. 2012).

To establish that Griffin possessed the revolver in violation of § 924(c), the government was required to prove that he possessed the revolver "in furtherance of" a drug-trafficking crime. United States v. Robinson, 617 F.3d 984, 988 (8th Cir. 2010). To satisfy the "in furtherance of" element, "the government must present evidence from which a reasonable [trier of fact] could find a 'nexus' between the

defendant's possession of the charged firearm and the drug crime, such that this possession had the effect of 'furthering, advancing or helping forward' the drug crime." Id. (alteration in original) (quoting United States v. Sanchez-Garcia, 461 F.3d 939, 946 (8th Cir. 2006)). "Accordingly, evidence that the defendant simultaneously possessed drugs and a firearm, standing alone, would not warrant submitting the charge to the jury." Sanchez-Garcia, 461 F.3d at 946. The jury could, however, infer a nexus between the firearm and the crime when the firearm "is kept in close proximity to the drugs, it is quickly accessible, and there is expert testimony regarding the use of firearms in connection with drug trafficking." Fetters, 698 F.3d at 658 (quoting United States v. Close, 518 F.3d 617, 619 (8th Cir. 2008)).

The government offered sufficient evidence for a reasonable jury to find the requisite nexus between Griffin's possession of the revolver and the drug trafficking. Testimony established that Griffin had been trafficking marijuana for several years. When law enforcement executed the traffic stop and searched the vehicle, a large quantity of marijuana was present, and the .45 caliber firearm was loaded and within reach of the driver's seat. Also in close proximity was a bag containing ammunition that could be used in the Taurus Judge revolver. Finally, an experienced narcotics agent testified that, due to the inherently dangerous nature of drug trafficking, drug dealers commonly keep handguns in close proximity to protect their drugs, their money, or their persons. This was sufficient evidence from which a reasonable jury could conclude beyond a reasonable doubt that there was a nexus between Griffin's possession of the revolver and the marijuana trafficking. Cf. United States v. Lindsey, 507 F.3d 1146, 1148 (8th Cir. 2007) (concluding that the fact that the firearm was discovered beneath the defendant's seat and near the drugs, coupled with expert testimony, supported conviction under § 924(c)).

Griffin argues that even if the above evidence would otherwise be sufficient to support a § 924(c) conviction, this case is unique because Griffin was unarmed when he met with Harris to obtain the key to the storage unit, Griffin possessed a

valid permit to carry firearms, and Harris testified that he had never seen Griffin carry a firearm while drug trafficking. Although this was relevant evidence for the jury to weigh in determining whether there was a sufficient nexus between the firearm possession and the drug crime, none of it necessarily precluded a finding beyond a reasonable doubt that such a nexus existed. Cf. Robinson, 617 F.3d at 988 (concluding that testimony indicating that defendant used his guns for hunting and target practice and that defendant's wife had never seen him carry a weapon while dealing methamphetamine, while relevant, did not foreclose a conclusion that defendant used the guns for drug purposes as well).

The judgment is affirmed.

_____