# United States Court of Appeals
## For the Eighth Circuit
_____

No. 21-1729
_____

United States of America

*Plaintiff - Appellee*

v.

Emanuel Cowley, Jr.

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Southern District of Iowa - Eastern
_____

Submitted: January 14, 2022
Filed: May 12, 2022
_____

Before COLLOTON, KELLY, and KOBES, Circuit Judges.
_____

KELLY, Circuit Judge.

A jury convicted Emanuel Cowley on three counts: (1) possession with intent to distribute a controlled substance, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C); (2) possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i); and (3) being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). Cowley then moved

for judgment of acquittal or for a new trial, and the district court[1] denied his motion. Cowley appeals his conviction and the denial of his motion. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

## I. Background

Cowley was driving in Iowa City in the early hours of July 13, 2019, when he was pulled over by Detective Alex Stricker of the Iowa City Police Department. Stricker had observed Cowley driving above the speed limit and drifting between lanes and was concerned that he might be intoxicated. There were two passengers in the car—Charlie Pitchford in the front seat and Brianna Harvey in the back seat. During the traffic stop, Cowley consented to a search of his pockets. The detective found two cell phones and $40 in Cowley's pockets. Officers then searched the vehicle and located a pistol under the front passenger seat, where Pitchford had been sitting. Cowley was ultimately taken to the county jail for driving while intoxicated and was searched further. In his shoes, officers found $1,260 in cash and 0.22 grams of crack cocaine. Cowley was then subjected to a strip search, and ten additional bags of crack cocaine were located in his underwear. One bag weighed 5.24 grams, one weighed 0.06 grams, one weighed 0.5 grams, and the remaining seven bags weighed approximately 0.2 grams each.

The jury found Cowley guilty on all three counts. On appeal, Cowley asserts that the government's expert witness offered impermissible testimony regarding Cowley's intent to distribute the drugs in his possession. He also argues that the evidence presented at trial was insufficient to support convictions for possession with intent to distribute a controlled substance and possession of a firearm in relation to a drug trafficking offense. We take up each of Cowley's arguments in turn.

---

[1]The Honorable John A. Jarvey, then Chief Judge, United States District Court for the Southern District of Iowa, now retired.

## II. Evidentiary Objection

Pursuant to the Federal Rules of Evidence, "[i]n a criminal case, an expert witness must not state an opinion about whether the defendant did or did not have a mental state or condition that constitutes an element of the crime charged or of a defense." Fed. R. Evid. 704(b). "Testimony that, when combined with other evidence, might imply or otherwise cause a jury to infer this ultimate conclusion, however, is permitted under the rule." United States v. Vesey, 338 F.3d 913, 916 (8th Cir. 2003).

During trial, the government presented Sergeant Jerry Blomgren as an expert in the area of drug investigations. Cowley argues that the following exchange between the prosecutor and Blomgren on direct examination was improper:

> Q: This crack cocaine that we see in Government's Exhibits 4 and 3 and that's been depicted in various photographs, was that possessed with the intent to distribute to someone else, or was that possessed for someone – for the possessor to use himself?
>
> A: I would say it was possessed with the intent to distribute.

Government's Exhibit 3 was the bag containing crack cocaine collected from Cowley's shoe when he was booked into the Johnson County jail. Government's Exhibit 4 was the bags collected from Cowley's underwear, which also contained crack cocaine.

Because Cowley did not object under Rule 704(b) during trial, we review the admissibility of the testimony for plain error. See United States v. Parish, 606 F.3d 480, 490 (8th Cir. 2010). We reverse for plain error only when "(1) there was an error, (2) the error is clear or obvious under current law, (3) the error affected the party's substantial rights, and (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." United States v. Braden, 844 F.3d 794,

798 (8th Cir. 2016) (quoting United States v. Iceman, 821 F.3d 979, 983–84 (8th Cir. 2016)).

We agree with Cowley that Blomgren offered an opinion about Cowley's intent and that it was an error under Rule 704(b) to admit that portion of Blomgren's testimony. Blomgren was asked and gave his opinion about the intent with which the cocaine depicted in Government's Exhibits 3 and 4 "was possessed." Testimony had already established that Cowley was the one who possessed the drugs shown in the government's exhibits. The use of the passive voice does not change the fact that Blomgren explicitly gave his opinion about Cowley's intent, requiring no inference by the jury to reach the "ultimate conclusion." Therefore, Blomgren's opinion testimony was inadmissible under Rule 704(b).

While the admission of Blomgren's opinion testimony was erroneous, we conclude that it did not affect Cowley's substantial rights because there was ample evidence to support the jury's verdict, even accounting for the effect of the improper expert testimony. An error affects substantial rights only when it affects the outcome of the case. See Parish, 606 F.3d at 490. "Intent to distribute controlled substances may be proved by either direct evidence or circumstantial evidence." United States v. Thompson, 881 F.3d 629, 632 (8th Cir. 2018) (quoting United States v. Schubel, 912 F.2d 952, 956 (8th Cir. 1990)). "Drug quantity and purity level, drug paraphernalia, prior sales, and the presence of cash or a firearm support an inference of intent to distribute." Id. at 632–33 (quoting United States v. Fetters, 698 F.3d 653, 657 (8th Cir. 2012)); see also United States v. Shaw, 751 F.3d 918, 922 (8th Cir. 2014) (possession of 0.89 grams of cocaine along with a loaded gun and $1,776 in cash sufficient for a jury to infer an intent to distribute); United States v. White, 969 F.2d 681, 684 (8th Cir. 1992) (possession of 7.54 grams sufficient to sustain a guilty verdict for possession with intent to distribute when paired with other indicia, including a firearm, drugs in multiple packages, and significant amounts of money).

At trial, the jury heard extensive testimony that was relevant to Cowley's intent to distribute a controlled substance, and that testimony is not challenged on

appeal. Cowley possessed a total of 7.69 grams of cocaine, which Blomgren testified was far more than a regular user would use in a day or two and more than a typical user of crack cocaine could afford to purchase for personal use at one time. The crack cocaine was packaged into seven bags containing 0.2 grams each and an eighth bag containing 0.5 grams, which Blomgren indicated were user amounts of crack cocaine. But Cowley was not carrying any paraphernalia for consuming the drugs, which Blomgren said could only be used by smoking with a pipe. The jury also heard testimony that Cowley was carrying two cellphones and $1,300 in cash and that there was a gun under the front passenger seat of the car Cowley was driving. Blomgren testified that in his experience as a drug crime investigator, drug dealers often have two phones, one they use to coordinate drug activity and one for non-drug-related use; that it was unusual in his experience for a crack user who is not engaged in distribution to have the kind of cash found in Cowley's possession; and that drug dealers often carry guns to protect themselves from robbery. Finally, the prosecutor asked Blomgren if he had

> ever encountered a user of crack cocaine who had ten small bags of crack cocaine . . . that were all around approximately two-tenths of a gram or so and who had an excess of 5 grams in a larger chunk? Have you ever encountered a crack user who had that much crack and who had in excess [of] a thousand dollars?

Blomgren responded, "Strictly a user? No."

In sum, there was ample evidence presented from which the jury could infer an intent to distribute even if Blomgren's inadmissible testimony regarding Cowley's intent was omitted. The quantity of drugs, the packaging of the drugs, the presence of a significant amount of cash and a firearm, and the lack of paraphernalia have all been held to be indicia from which a jury may infer an intent to distribute. We therefore conclude that the error in admitting Blomgren's opinion testimony regarding intent did not affect the outcome of the case and, thus, did not affect Cowley's substantial rights.

## III. Sufficiency of the Evidence

In reviewing the sufficiency of the evidence to support a guilty verdict, "[o]ur review is highly deferential: we must affirm unless no reasonable juror could find the defendant guilty beyond a reasonable doubt."  United States v. Urbina-Rodriguez, 986 F.3d 1095, 1097 (8th Cir. 2021).

### A. Intent to Distribute

Cowley challenges the sufficiency of the evidence to establish his intent to distribute the drugs he possessed.  We have already discussed the evidence that supports the jury's inference that Cowley possessed crack cocaine with the intent to distribute it.  On that basis, a reasonable juror could find Cowley's intent to distribute beyond a reasonable doubt, and we find no basis to vacate Cowley's conviction on Count 1.

### B. Possession of a Firearm in Furtherance of a Drug Trafficking Offense

Cowley also challenges his conviction for possession of a firearm in furtherance of a drug trafficking crime.  He argues that the evidence was insufficient to establish his possession of the firearm in connection with a drug trafficking offense because the gun was found under the passenger seat, where Pitchford was seated.

"Possession may be actual or constructive and need not be exclusive."  United States v. Williams, 512 F.3d 1040, 1044 (8th Cir. 2008).  "[S]imultaneous possession of drugs and a firearm, standing alone, is insufficient to sustain a conviction."  United States v. Robinson, 617 F.3d 984, 988 (8th Cir. 2010) (quoting United States v. Hilliard, 490 F.3d 635, 640 (8th Cir. 2007)).  The jury may infer the requisite nexus between the firearm and the crime "when [the firearm] is kept in close proximity to the drugs, it is quickly accessible, and there is expert testimony regarding the use of

firearms in connection with drug trafficking." United States v. Close, 518 F.3d 617, 619 (8th Cir. 2008).

The evidence here is sufficient to support a guilty verdict for possession of a firearm in furtherance of a drug trafficking crime. In United States v. Fetters, the court found a gun located under the front passenger seat to be "in close proximity" to 11 grams of methamphetamine and $2,800 in cash on the defendant, who was the driver of the vehicle. 698 F.3d 653, 658 (8th Cir. 2012). Like in Fetters, the gun in Cowley's car was located under the front passenger seat, and Cowley had drugs and cash on his person. Additionally, Stricker testified that when he initiated the traffic stop, Cowley did not pull the car over immediately but continued to drive another block or so at a slow pace, during which time Stricker saw the dome light come on inside the car and could see Cowley and Pitchford reaching around in the front cab of the car, including across the center console. A jury could infer from Stricker's testimony that Cowley had the gun in a more visible or accessible location and hid it when Stricker initiated the traffic stop.

Additionally, the jury heard testimony regarding the connection between drug trafficking and the use of guns. Blomgren testified that "[g]uns are typically used by drug dealers to protect not only themselves, but their associates, their drugs, and their money because they generally have both of those on them." Blomgren testified that robberies of drug dealers are fairly common because robbers "know that [a] drug dealer has money on them or there's a good likelihood of it, but they also realize that that person is not very likely to contact the police." Blomgren confirmed that in addition to the cash Cowley was carrying, the drugs in his possession had a street value of hundreds of dollars. Based on the evidence in the record, a reasonable juror could have found beyond a reasonable doubt that Cowley possessed the firearm in furtherance of the drug trafficking offense, and the evidence is sufficient to support a guilty verdict on Count 2.

For these reasons, we affirm the judgment of the district court.

_____