# United States Court of Appeals

## For the Eighth Circuit

_____

No. 24-1866
_____

United States of America

*Plaintiff - Appellee*

v.

Justin Fuget

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Eastern District of Missouri - St. Louis
_____

Submitted: April 14, 2025
Filed: May 12, 2025
_____

Before ERICKSON, ARNOLD, and STRAS, Circuit Judges.
_____

ARNOLD, Circuit Judge.

After police officers stopped Justin Fuget in his car and discovered a pistol on the floorboard and ammunition matching it, a distribution quantity of methamphetamine, and paraphernalia associated with drug dealing in a safe on his passenger seat, a jury found him guilty of a number of offenses, including possessing a firearm in furtherance of a drug trafficking crime. 18 U.S.C. § 924(c)(1)(A). On

appeal, he argues for the first time that the district court[1] erred by allowing the government's drug trade expert to testify that "the mere presence or the simple possession of a firearm while engaged in drug sales or drug distribution furthers drug trafficking." Because we are all but certain that any error in permitting the testimony did not prejudice Fuget, we affirm.

Fuget's failure to challenge the purportedly erroneous admission of the testimony before the district court leaves him with the burden to demonstrate that the district court plainly erred. *See United States v. Alexander*, 114 F.4th 967, 974 (8th Cir. 2024). He must show, among other things, "a reasonable probability that, but for the error, the outcome of the proceeding would have been different." *See id.* at 975.

Assuming Fuget is right that the expert misrepresented to the jury that it could convict him even if it found only that he simultaneously possessed a firearm and drugs, a proposition we have previously rejected, *see United States v. Hamilton*, 332 F.3d 1144, 1150 (8th Cir. 2003), we see no realistic probability that the jury relied on this misrepresentation in finding Fuget guilty. The district court corrected any misunderstanding the jury may have had. It properly instructed the jury that Fuget was guilty only if he "knowingly possessed a firearm in furtherance of" a drug trafficking crime and that the phrase "in furtherance of" meant "furthering, advancing, or helping forward." *See United States v. Sanchez-Garcia*, 461 F.3d 939, 946 (8th Cir. 2006). The district court also left no doubt that the jury had to apply this formulation of the law. It told the jurors that they "must follow" the court's "instructions on the law, even if" they "thought the law was different." And it added that the jurors could accept or reject expert testimony and should treat it "just like any other testimony." We are therefore confident that the jury applied the appropriate legal standard notwithstanding anything to the contrary that the expert said. *See United States v. Katz*, 445 F.3d 1023, 1032 (8th Cir. 2006); 4 Weinstein's Federal Evidence § 704.04[2][c] (2025).

---

[1]The Honorable Ronnie L. White, United States District Judge for the Eastern District of Missouri, now retired.

We disagree with the premise of Fuget's argument that the jury must have applied the wrong standard because the evidence was insufficient to support his conviction under the correct standard. In addition to the evidence we have already described, Fuget confirmed the impression that he intended to sell the methamphetamine in his car by admitting that someone "fronted" him the drug, meaning that he received it under an obligation to repay his supplier after selling it. And the jury heard expert testimony that drug dealers commonly have firearms to protect themselves from robbers and otherwise facilitate their drug dealing. Considering the accessibility of Fuget's pistol on the floorboard of his car and the pistol's proximity to the methamphetamine Fuget was trying to sell, as well as the testimony concerning the reasons that drug dealers keep firearms, the jury could infer that Fuget possessed the pistol to further a drug trafficking crime: his plan to sell the methamphetamine in his possession. *See United States v. Lindsey*, 507 F.3d 1146, 1148 (8th Cir. 2007) (per curiam); *United States v. Parish*, 606 F.3d 480, 490 (8th Cir. 2010); *United States v. Cowley*, 34 F.4th 636, 641–42 (8th Cir. 2022); *United States v. Maurstad*, 35 F.4th 1139, 1145 (8th Cir. 2022). That a police officer had to shift Fuget's car seat to remove the pistol from the floorboard is, despite Fuget's protestations to the contrary, hardly inconsistent with this inference. We conclude that the jury could find Fuget guilty for the right reasons and that there is no reasonable probability that the challenged expert testimony caused it to find Fuget guilty for the wrong reasons.

Affirmed.

_____