# United States Court of Appeals
### For the Eighth Circuit

———————————————

No. 24-2773

———————————————

United States of America

*Plaintiff - Appellee*

v.

Joseph Alfred Odir

*Defendant - Appellant*

——————————

Appeal from United States District Court
for the Southern District of Iowa - Central

——————————

Submitted: September 19, 2025
Filed: October 8, 2025
[Unpublished]

——————————

Before BENTON, GRASZ, and KOBES, Circuit Judges.

——————————

PER CURIAM.

A jury convicted Joseph Alfred Odir of possessing a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A)(i). The district

court[1] sentenced him to 198 months in prison. Odir appeals his conviction. Having jurisdiction under 28 U.S.C. § 1291, this court affirms.

Odir believes the evidence was insufficient to convict. This court reviews the sufficiency of the evidence de novo, "viewing the evidence and the jury's credibility determinations in the light most favorable to its verdict" and reversing only if no reasonable jury could find the defendant guilty. *United States v. Obi*, 25 F.4th 574, 577 (8th Cir. 2022). To convict of possessing a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c), the government had to prove: (1) Odir committed a drug trafficking crime, and (2) he possessed a firearm in furtherance of that crime. *See United States v. Robinson*, 617 F.3d 984, 988 (8th Cir. 2010). Odir challenges only the second element.

The trial evidence supported the jury's verdict that Odir possessed a firearm. "Possession may be actual or constructive and need not be exclusive." *United States v. Cowley*, 34 F.4th 636, 641 (8th Cir. 2022). "Constructive possession is established if the person has dominion over the premises where the firearm is located, or control, ownership, or dominion over the firearm itself." *United States v. White*, 816 F.3d 976, 985 (8th Cir. 2016) (internal quotation marks omitted). Odir admitted he possessed drugs in a locked four-by-four-foot storage unit and intended to distribute them. Officers found firearms intermingled with the drugs in the unit, along with over $250,000 in cash, ammunition, magazines, and Odir's mail, debit card, and court paperwork. Odir repeatedly visited, unlocked, and entered the unit—usually alone and with a cross-body bag—in the days before law enforcement found the firearms. This evidence was sufficient to show constructive possession. *See id.* at 986 (holding reasonable jury could find defendant had constructive possession of firearms inside storage unit in part because he had a key to the unit and been seen accessing it); *United States v. Thomas*, 593 F.3d 752, 760 (8th Cir. 2010) ("[T]he

---

[1]The Honorable Rebecca Goodgame Ebinger, United States District Judge for the Southern District of Iowa.

holder of the key, be it to a dwelling, vehicle, or motel room in question, has constructive possession of the contents therein.").

The trial evidence also supported that possession of the firearms was in furtherance of drug trafficking. "To satisfy the 'in furtherance of' element, the government must present evidence from which a reasonable trier of fact could find a 'nexus' between the defendant's possession of the charged firearm and the drug crime, such that this possession had the effect of 'furthering, advancing or helping forward' the drug crime." *United States v. Griffin*, 617 Fed. Appx. 610, 612 (8th Cir. 2015) (cleaned up). "The jury may infer the requisite nexus between the firearm and the crime when the firearm is kept in close proximity to the drugs, it is quickly accessible, and there is expert testimony regarding the use of firearms in connection with drug trafficking." *Cowley*, 34 F.4th at 641 (cleaned up). Here, the drugs were found throughout the unit next to and on top of the firearms. And there was expert testimony about the connection of firearms to drug trafficking. This evidence was sufficient to show that possession of the firearms was in furtherance of Odir's drug trafficking. *See United States v. Sanchez-Garcia*, 461 F.3d 939, 946–47 (8th Cir. 2006) (holding that evidence that the gun was stored in a room adjacent to drugs was sufficient to support a § 924(c) conviction when coupled with expert testimony).

\* \* \* \* \* \* \*

The judgment is affirmed.

_____