# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

No. 11-1890

_____

United States of America,   *
             *
    Appellee,     *
             *  Appeal from the United States
 v.         *  District Court for the
             *  Western District of Missouri.
Kody R. Williams,    *
             *
    Appellant.    *

_____

Submitted: November 17, 2011
Filed: February 28, 2012

_____

Before SMITH, COLLOTON, and GRUENDER, Circuit Judges.

_____

GRUENDER, Circuit Judge.

Kody R. Williams pled guilty to unlawful possession of a firearm by a felon, conditioned on his right to appeal the district court's[1] denial of his motion to suppress evidence obtained through the execution of a search warrant at his home. We affirm.

---

[1]The Honorable Howard F. Sachs, United States District Judge for the Western District of Missouri, adopting the report and recommendation of the Honorable John T. Maughmer, United States Magistrate Judge for the Western District of Missouri.

Williams challenges the constitutionality of a warrantless search of his garbage, or "trash pull," as well as the accuracy of an affidavit later used to procure a search warrant. In the affidavit, Detective Matthew Miller of the Lee's Summit, Missouri Police Department averred that he received a tip on October 27, 2008 that Williams was selling drugs at an identified address. The tip also stated that Williams had prior convictions for drug trafficking and other felonies, and that the house at the identified address might also be occupied by an individual named Sherry Mitchell. The affidavit stated nothing regarding the reliability of any information previously provided to law enforcement by the source.

The affidavit further stated that the water utilities account for the identified address showed an active account in the name of Sherry Mitchell. It also noted that Detective Miller had "retrieved three bags of trash that had been left at the curb for pick-up by a trash company" at the identified address. Within that trash were two torn pieces of a plastic bag coated with cocaine residue, several pieces of mail addressed to Sherry Mitchell at that address, and a blank card of a type for use by individuals on probation or parole with the Missouri Department of Corrections. After discovering that Sherry Mitchell had no criminal history, Detective Miller averred his belief that someone on probation or parole, such as Williams, likely also resided at the identified address. Finally, Detective Miller stated that Williams had given the identified address as his home address during at least six interactions with police. A search executed pursuant to the ensuing search warrant yielded the handgun and ammunition that served as the predicate for the charges and Williams's subsequent conditional guilty plea.

On appeal, Williams first argues that the district court should have held an evidentiary hearing on his motion to suppress evidence in order to determine the precise location from which his trash was pulled. "We review a district court's decision whether to hold an evidentiary hearing for an abuse of discretion." *United States v. Yielding*, 657 F.3d 688, 705 (8th Cir. 2011). The only evidence presented

to the district court regarding the location of the trash was Detective Miller's statement in his affidavit that he "retrieved three bags of trash that had been *left at the curb for pick-up by a trash company*" (emphasis added). Nevertheless, in the brief in support of the motion to suppress, Williams's counsel contended that "the officers illegally retrieved three trash bags from the *driveway* of the residence" (emphasis added). To the extent Williams contends that the trash actually was not at the curb as stated in the affidavit, he is challenging the factual accuracy of the affidavit. The standard for obtaining an evidentiary hearing under these circumstances is the well-known *Franks* standard:

> There is, of course, a presumption of validity with respect to the affidavit supporting the search warrant. To mandate an evidentiary hearing, the challenger's attack must be more than conclusory and must be supported by more than a mere desire to cross-examine. There must be allegations of deliberate falsehood or of reckless disregard for the truth, and those allegations must be accompanied by an offer of proof.

*United States v. Mims*, 812 F.2d 1068, 1074 (8th Cir. 1987) (quoting *Franks v. Delaware*, 438 U.S. 154, 171 (1978)). Here, Williams proffered no affidavit or other evidence indicating that the trash was not at the curb. As a result, the district court did not abuse its discretion in denying an evidentiary hearing.

Williams also argues that the district court erred in denying the motion to suppress because the trash was pulled from a location in which Williams retained some expectation of privacy. We review "the district court's factual determinations in support of its denial of a motion to suppress for clear error and its legal conclusions de novo." *United States v. Hogan*, 539 F.3d 916, 921 (8th Cir. 2008) (quoting *United States v. Harper*, 466 F.3d 634, 643 (8th Cir. 2006)). The constitutionality of a trash pull depends upon "whether the garbage was readily accessible to the public so as to render any expectation of privacy objectively unreasonable." *United States v. Comeaux*, 955 F.2d 586, 589 (8th Cir. 1992) (quoting *United States v. Hedrick*, 922

F.2d 396, 400 (7th Cir. 1991)). Once again, the only evidence in the record as to the location from which the trash was pulled is Detective Miller's statement in the affidavit that he "retrieved three bags of trash that had been *left at the curb for pick-up by a trash company*" (emphasis added). It is well settled that there is no reasonable expectation of privacy in trash left at the curb in an area accessible to the public for pick-up by a trash company. *See, e.g.*, *United States v. Trice*, 864 F.2d 1421, 1423 (8th Cir. 1988) (citing *California v. Greenwood*, 486 U.S. 35, 40-41 (1988)). Therefore, the district court did not err in denying the motion to suppress.

For the foregoing reasons, we affirm the denial of Williams's motion to suppress.

_____