# United States Court of Appeals
## For the Eighth Circuit

_____

No. 16-4091

_____

United States of America

*Plaintiff - Appellee*

v.

James Joseph Thompson

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of South Dakota - Sioux Falls

_____

Submitted: October 20, 2017
Filed: February 2, 2018

_____

Before WOLLMAN and SHEPHERD, Circuit Judges, and GOLDBERG,[1] Judge.

_____

SHEPHERD, Circuit Judge.

Following an August 2016 jury trial, James Thompson was convicted of possession with intent to distribute a controlled substance in violation of 21 U.S.C.

---

[1]The Honorable Richard W. Goldberg, Judge for the United States Court of International Trade, sitting by designation.

§ 841(a)(1). Thompson appeals his conviction. For the reasons set forth below, we affirm.

## I. Background

In July 2015, Sioux Falls police received an anonymous tip that Thompson was distributing controlled substances. While surveilling Thompson's residence, police noticed a garbage container in the driveway, located between the garage door and the pedestrian door entrance to the garage.[2] Police then contacted Thompson's garbage collection service to conduct a controlled trash pull. On a regularly-scheduled day of collection, police watched the garbage collector retrieve Thompson's garbage container from its location in Thompson's driveway by the garage door and dump its contents in the empty collection area of the truck. Police then retrieved the trash from the truck and searched it, finding several drug-related items. The police conducted a similar trash pull the following week, which revealed additional drug-related items and a receipt for a storage unit. Based on these trash pulls—as well as information received from an informant—police obtained a search warrant for Thompson's residence, where they found 19 grams of methamphetamine inside a lockbox, $26,063 in cash hidden inside an ottoman, and drug paraphernalia. Police later obtained a search warrant for Thompson's storage unit in Luverne, Minnesota, which contained an additional 115.1 grams of methamphetamine and $36,950 in cash.

Prior to trial, Thompson moved to suppress all evidence obtained from the searches, claiming the warrants were based on unconstitutional trash pulls. Following

---

[2]Thompson's residence has a double garage with one garage door, as well as a pedestrian door entrance into the garage located between the garage door and the main entrance of the home. A large driveway sits in front of the home, and a walkway passes in front of the pedestrian door of the garage on its way to the main entrance of the home.

an evidentiary hearing, the magistrate judge recommended denying Thompson's motion to suppress because no trespass occurred or, alternatively, because Thompson did not have an objectively reasonable expectation of privacy in the trash. The magistrate judge also found that probable cause existed for the search warrants even absent the information obtained from the trash pulls and, even if the warrants were invalid, the Leon good faith exception applied. See United States v. Leon, 468 U.S. 897 (1984). The district court[3] denied Thompson's motion to suppress, adopting the magistrate judge's report and recommendation in part by agreeing that Thompson did not have an objectively reasonable expectation of privacy in the trash and that, even without the trash pulls, there was probable cause for the search warrants. Thompson was convicted following a jury trial and sentenced to 150 months imprisonment.

## II. Trash Pulls

Thompson first challenges the district court's denial of his motion to suppress. We review the district court's factual findings for clear error and its legal conclusions de novo. United States v. Farnell, 701 F.3d 256, 260 (8th Cir. 2012). We will "affirm [the] order denying [Thompson's] motion to suppress unless the decision is unsupported by substantial evidence, is based on an erroneous view of the applicable law, or in light of the entire record, we are left with a firm and definite conviction that a mistake has been made." Id. at 260-61 (internal quotation marks omitted).

The Fourth Amendment protects "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures . . . ." U.S. Const. amend. IV. A warrantless search of an individual's trash violates the

---

[3]The Honorable Karen E. Schreier, United States District Judge for the District of South Dakota, adopting the report and recommendations of the Honorable Veronica L. Duffy, United States Magistrate Judge for the District of South Dakota.

Fourth Amendment only where the individual has a "subjective expectation of privacy in [the] garbage that society accepts as objectively reasonable." California v. Greenwood, 486 U.S. 35, 39 (1988).

It is well established that there is no reasonable "expectation of privacy in trash left for collection in an area accessible to the public." Id. at 41. Thompson argues that because the trash was left in a container next to his garage—rather than on a street curb—the trash was within the curtilage of his home and thus he retained a reasonable expectation of privacy in it. Yet, assuming the trash was within the curtilage of Thompson's home, "the proper focus under Greenwood [remains] whether the garbage was readily accessible to the public so as to render any expectation of privacy objectively unreasonable." United States v. Comeaux, 955 F.2d 586, 589 (8th Cir. 1992) (internal quotation marks omitted).

The district court found that Thompson's trash was readily accessible to the public. We agree. The trash was placed in a location from which the garbage collectors regularly collected it at the regularly-scheduled time of collection, suggesting it was placed there "for the express purpose of having strangers take it." See Greenwood, 486 U.S. at 40-41. Presumably, these strangers might "sort[] through [the] trash or permit[] others, such as the police, to do so." Id. at 40. The garbage container was easily visible from the street, and there were no barriers preventing access to the container or its contents. See United States v. Segura-Baltazar, 448 F.3d 1281, 1288 (11th Cir. 2006) (finding no reasonable expectation of privacy in trash containers left next to garage where they were "plainly visible and accessible from the street"); see also United States v. Hedrick, 922 F.2d 396, 400 (7th Cir. 1991) ("[T]he absence of a fence or any other barrier [is one indicator] that the garbage was knowingly exposed to the public"). Based on these facts, we find that Thompson had no objectively reasonable expectation of privacy

in the trash. We therefore conclude that Thompson's motion to suppress was properly denied.

## III. Sufficiency of the Evidence

Thompson next claims that the evidence was insufficient to show that he possessed and intended to distribute methamphetamine. "We review the sufficiency of the evidence de novo, viewing evidence in the light most favorable to the government, resolving conflicts in the government's favor, and accepting all reasonable inferences that support the verdict." United States v. Trejo, 831 F.3d 1090, 1093 (8th Cir. 2016) (internal quotation marks omitted). "Reversal is appropriate only where a reasonable jury could not have found all the elements of the offense beyond a reasonable doubt." Id. at 1093-94 (internal quotation marks omitted). Viewing the evidence in the light most favorable to the government, we find it sufficiently supports Thompson's conviction.

To prove possession with intent to distribute under 21 U.S.C. § 841(a), the government must show "knowing possession of [methamphetamine] and the intent to distribute it." United States v. Fetters, 698 F.3d 653, 657 (8th Cir. 2012) (internal quotation marks omitted). "Intent to distribute controlled substances may be proved by either direct evidence or circumstantial evidence." United States v. Schubel, 912 F.2d 952, 956 (8th Cir. 1990). "Drug quantity and purity level, drug paraphernalia, prior sales, and the presence of cash or a firearm support an inference of intent to distribute." Fetters, 698 F.3d at 657.

Here, police found 19 grams of 98.8% pure methamphetamine in Thompson's home and 115.1 grams of 98.9% pure methamphetamine in his storage unit. A Drug Enforcement Administration (DEA) agent testified that these amounts were consistent with distribution. See United States v. Vega, 676 F.3d 708, 721 (8th Cir. 2012)

("[C]ircumstantial evidence such as drug quantity . . . may be used to establish intent to distribute."). Police also found $26,063 in cash in an ottoman in Thompson's home and $36,950 in Thompson's storage unit, as well as digital scales, glass pipes, heat sealed bags, and multiple cell phones. The DEA agent testified that, based on his training and experience, these items were indicative of drug trafficking. See Schubel, 912 F.2d at 956 ("The presence of equipment to weigh and measure the narcotics, paraphernalia used to aid in their distribution, and large sums of cash are common indicia of drug trafficking and are all circumstantial evidence of intent to distribute."). Moreover, James Ivy testified that Thompson sold him methamphetamine on multiple occasions. Thompson challenges Ivy's credibility based on an apparent contradiction in his testimony, but "[w]itness credibility is within the province of the jury and virtually unreviewable on appeal." Fetters, 698 F.3d at 657 (internal quotation marks omitted). And, even disregarding this testimony, a reasonable jury could still have determined that Thompson possessed and intended to distribute methamphetamine. We therefore find the evidence sufficient to support Thompson's conviction.

## IV. Additional Challenges

In addition, this Court granted Thompson's request to file a pro se supplemental brief, wherein he raises ten additional arguments. We have reviewed these challenges and find them to be without merit.[4]

---

[4]Included in Thompson's pro se claims is the contention that his trial counsel provided ineffective assistance. However, we do not consider such claims on direct appeal except in exceptional circumstances, which are not present here. See United States v. Looking Cloud, 419 F.3d 781, 788-89 (8th Cir. 2005).

## V. Conclusion

For the foregoing reasons, we affirm.

_____