MELLOY, Circuit Judge.
 

 Following a jury trial, Defendant Stephen Gustus appeals his conviction under
 
 18 U.S.C. § 111
 
 (a)(1) for assaulting a United States Postal Service employee.
 
 [1]
 
 Having jurisdiction under
 
 28 U.S.C. § 1291
 
 , we affirm in part and reverse in part.
 

 I. Background
 

 The following facts are presented in a light most favorable to the verdict. On December 21, 2016, a Postal Service employee named Julio Gonzalez was unexpectedly tackled from behind by a man wearing nothing but a pair of shoes and a bed comforter. The man was later identified as Gustus. Gonzalez fell to the ground, and Gustus jumped into Gonzalez's mail truck. Gonzalez got up and physically engaged Gustus in the truck, punching him three or four times before slipping and falling to the ground again. At some point after this second fall, Gonzalez grabbed hold of Gustus's comforter. Gustus jumped out of the truck and kicked Gonzalez in the arm until he released the comforter. Gustus then fled on foot. Gonzalez ran into a nearby field to keep an eye on Gustus and called 911. Gonzalez lost sight of Gustus,
 but a police officer was able to locate him soon thereafter.
 

 When the officer encountered Gustus, Gustus would not respond to the officer's commands. Instead, he merely stared up at the sky. After several unsuccessful attempts to get Gustus to sit down with hands behind his back, the officer threatened to use pepper spray. The officer observed Gustus clench his hands into fists as if "he was getting ready to fight." The officer then sprayed a burst of pepper spray, hitting Gustus in the face. Gustus immediately sat down, and the officer placed him in handcuffs and called for medical personnel to take Gustus to a nearby healthcare facility.
 

 Gustus was eventually charged with "voluntarily and intentionally forcibly assault[ing], imped[ing] and interfer[ing] with an employee of the United States while the employee was engaged in and on account of the performance of official duties," a violation of
 
 18 U.S.C. § 111
 
 (a)(1). Gustus pled not guilty to the offense and prepared to present a defense that he was voluntarily intoxicated and lacked the specific intent to assault Gonzalez.
 
 [2]
 
 He proffered a jury instruction on intoxication to that effect. The government responded by filing a motion in limine, arguing that our opinion in
 
 United States v. Hanson
 
 ,
 
 618 F.2d 1261
 
 (8th Cir. 1980), established that § 111(a)(1) assaults are general-intent crimes for which a voluntary-intoxication defense is unavailable. The district court granted the government's motion and prohibited Gustus from presenting a voluntary-intoxication defense.
 

 A two-day trial ensued. The government called several witnesses, including: Gonzalez; the 911 operator who fielded Gonzalez's call; the officer who apprehended Gustus; a postal inspector; medical personnel who treated Gonzalez; and Gonzalez's supervisor who visited Gonzalez at the site of the incident and took him to receive medical treatment. Gustus did not call any witnesses but moved for a judgment of acquittal. The district court denied the motion, and the jury found Gustus guilty of assaulting Gonzalez. The district court sentenced Gustus to time served followed by two years of supervised release. As part of the supervised release, the district court orally imposed the following special condition:
 

 He'll have to participate, of course, in a substance abuse treatment program under the guidance and supervision of the probation office. And that might include drug testing, alcohol testing, outpatient counseling, residential treatment. He can't use any alcohol during those sessions.
 

 ....
 

 ... He can't use any alcohol during the program of alcohol testing and outpatient counseling. He must pay for the cost [at a rate of $ 10 per session, with a total cost not to exceed $ 40 a month based on ability to pay as determined by the probation office. If he can't afford that, the copayment will be waived].
 

 And he'll be required to disclose his substance abuse history to prescribing physicians and allow the probation office to verify disclosure. ...
 

 The district court clarified that the alcohol restriction applied while Gustus was receiving both substance abuse and mental health treatment. The final, written version
 of the special condition ("Special Condition 5") read as follows:
 

 You must participate in a substance abuse treatment program under the guidance and supervision of the probation office. The program may include drug and alcohol testing, outpatient counseling, and residential treatment. You must abstain from the use of alcohol during supervision. You must pay for the cost of treatment at the rate of $ 10 per session, with the total cost not to exceed $ 40 per month, based on ability to pay as determined by the probation office. If you are financially unable to pay for the cost of treatment, the co-pay requirement will be waived. You must disclose your substance abuse history to prescribing physicians and allow the probation office to verify disclosure.
 

 Gustus timely filed a notice of appeal.
 

 II. Discussion
 

 Gustus presents three arguments on appeal: (1) the district court erred in denying him the opportunity to present a voluntary-intoxication defense; (2) there was insufficient evidence to convict him of assaulting Gonzalez; and (3) Special Condition 5 was broader than the oral version of the condition and should be modified. We address each argument in turn. Regarding the voluntary-intoxication defense and sufficiency-of-the-evidence arguments, we review the district court's judgment de novo.
 
 See
 

 United States v. Young
 
 ,
 
 613 F.3d 735
 
 , 744 (8th Cir. 2010) ("[W]hen the refusal of a proffered instruction ... denies a legal defense, the correct standard of review is de novo ....");
 
 United States v. DeFoggi
 
 ,
 
 839 F.3d 701
 
 , 709 (8th Cir. 2016) ("We review the sufficiency of the evidence in a jury trial de novo, but examine the evidence in the light most favorable to the jury's verdict, resolving factual disputes and accepting all reasonable inferences in support of the verdict."). We review the "terms and conditions of supervised release for abuse of discretion."
 
 United States v. Phillips
 
 ,
 
 785 F.3d 282
 
 , 284 (8th Cir. 2015).
 

 The district court did not err in preventing Gustus from presenting a voluntary-intoxication defense. "Such a defense is ... unavailable" to defendants being charged with violating
 
 18 U.S.C. § 111
 
 (a)(1) because assaulting a federal employee is a general-intent crime.
 
 Hanson
 
 ,
 
 618 F.2d at 1265
 
 . Gustus argues that we should disregard
 
 Hanson
 
 because later decisions contain language to the effect that assaulting a federal employee is a specific-intent crime.
 
 See, e.g.
 
 ,
 
 United States v. Manelli
 
 ,
 
 667 F.2d 695
 
 , 696 (8th Cir. 1981) ("Specific intent is an essential element of the crime of assaulting a federal officer in the performance of his duties."). He further argues that voluntary intoxication is a defense to specific-intent crimes.
 
 See
 

 United States v. Kenyon
 
 ,
 
 481 F.3d 1054
 
 , 1070 (8th Cir. 2007). We are bound to follow
 
 Hanson
 
 as it is the earliest of the conflicting opinions and "should have controlled the subsequent panels."
 
 Mader v. United States
 
 ,
 
 654 F.3d 794
 
 , 800 (8th Cir. 2011) (en banc) (citation omitted). Consequently, we hold that Gustus was not entitled to present a voluntary-intoxication defense.
 

 We also hold that sufficient evidence supports Gustus's conviction. Section 111(a)(1) makes it a crime to "forcibly assault[ ], resist[ ], oppose[ ], impede[ ], intimidate[ ], or interfere[ ] with [a federal employee] while engaged in or on account of the performance of official duties."
 
 18 U.S.C. § 111
 
 (a)(1). The parties agree that the government proved all of the elements of a § 111(a)(1) violation beyond a reasonable doubt except for the mens rea element, which they agree is voluntary and intentional.
 
 See
 

 United States v. Drapeau
 
 ,
 
 644 F.3d 646
 
 , 652 (8th Cir. 2011). Gustus argues that because he was intoxicated, his
 actions could not have been voluntary or intentional. We reject this argument as indistinguishable from his argument above that the district court erred in preventing him from presenting a voluntary-intoxication defense.
 

 Gustus also argues that portions of Gonzalez's testimony at trial were not credible, making the evidence as a whole insufficient. Gonzalez, for example, made seemingly inconsistent statements about: (1) whether he was attacked while he was getting into his mail truck or while he was getting out; and (2) whether he had his keys in his hands during the attack. The credibility of a witness is "within the province of the jury and virtually unreviewable on appeal."
 
 United States v.
 

 Thompson
 
 ,
 
 881 F.3d 629
 
 , 633 (8th Cir. 2018) (citation omitted). We are to "resolve any credibility issues in favor of the verdict."
 
 United States v. Polk
 
 ,
 
 715 F.3d 238
 
 , 247 (8th Cir. 2013) (citation omitted). We do so here and reject Gustus's argument. His conviction was supported by sufficient, credible evidence.
 

 Finally, we agree that Special Condition 5 is broader than the condition the district court imposed orally. However, it is not entirely clear from the sentencing transcript and other portions of the record exactly how long the district court intended the alcohol-prohibiting condition to apply or whether that issue is moot.
 
 [3]
 
 We therefore reverse the district court's judgment as to Special Condition 5 and remand for the district court to determine if the special condition is moot, and if not, to clarify the alcohol-prohibiting special condition of supervised release.
 
 See
 

 United States v. James
 
 ,
 
 792 F.3d 962
 
 , 973 (8th Cir. 2015).
 

 III. Conclusion
 

 For the reasons stated above, we affirm Gustus's conviction under
 
 18 U.S.C. § 111
 
 (a)(1). We reverse the district court's judgment as to Special Condition 5 and remand for the district court to determine if the special condition is moot, and if not, to clarify the alcohol-prohibiting special condition of supervised release.
 

 We note that Gustus's criminal judgment indicates he was convicted of violating
 
 18 U.S.C. §§ 111
 
 (a)(1) and 1114. Section 111(a)(1) references § 1114 for the purpose of defining the victim of the § 111(a)(1) assault. Section 1114 itself is a homicide statute that defines the qualifying victim, in relevant part, as "any officer or employee of the United States ... while such officer or employee is engaged in ... official duties."
 
 18 U.S.C. § 1114
 
 . To be clear, Gustus was convicted of assault, not homicide, and the references in his case to § 1114 are merely definitional.
 

 A presentence investigation report ("PSR") prepared after trial reveals that, at the time of the offense, Gustus showed multiple signs of being intoxicated, including smelling of intoxicants, using slurred speech, and having blood-shot eyes and unstable footing. The PSR further reveals that, at the healthcare facility, Gustus admitted to drinking alcohol and tested positive for amphetamines, methamphetamines, and marijuana.
 

 We note from the district court docket that Gustus's supervised release has been revoked for reasons unrelated to the alcohol condition. He has been sentenced to four months' imprisonment with no supervision to follow-likely making this issue moot.