# United States Court of Appeals
## For the Eighth Circuit

_____

No. 19-1003
_____

United States of America

*Plaintiff - Appellee*

v.

Emarque Holt

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Southern District of Iowa - Des Moines
_____

Submitted: December 27, 2019
Filed: January 3, 2020
[Unpublished]
_____

Before GRUENDER, BENTON, and STRAS, Circuit Judges.
_____

PER CURIAM.

Emarque Holt pleaded guilty to possessing stolen mail, 18 U.S.C. § 1708, and received a within-Guidelines-range sentence of 24 months in prison. In an *Anders* brief, Holt's counsel requested permission to withdraw and raised four claims: (1) the lack of a knowing and voluntary guilty plea; (2) the unenforceability of the appeal waiver; (3) the inapplicability of three Guidelines enhancements; and (4) the

substantive unreasonableness of the sentence.  *See Anders v. California*, 386 U.S. 738 (1967).  Holt also filed a pro se brief.  We affirm in part, vacate in part, and remand.

As to the first issue, the record shows that Holt knowingly and voluntarily pleaded guilty.  *See Nguyen v. United States*, 114 F.3d 699, 703 (8th Cir. 1997) (explaining that a defendant's statements during the plea hearing carry "a strong presumption of verity").  We need not decide the second issue—whether the appeal waiver is enforceable—because Holt explicitly reserved the right to challenge his sentence on appeal.  *See United States v. Andis*, 333 F.3d 886, 889–90 (8th Cir. 2003) (en banc).

Moving on to the sentence itself, the district court had ample reason to impose the sophisticated-means and unauthorized-use-of-an-identification enhancements based on the nature of the scheme, which involved creating fraudulent checks and having poor people cash them.  *See United States v. Norwood*, 774 F.3d 476, 479–80 (8th Cir. 2014) (per curiam); *see also* U.S.S.G. § 2B1.1(b)(10)(C), (11)(C)(i).  The leadership enhancement found support in the level of direction that Holt gave to others.  *See id.* § 3B1.1(a).  None of those findings was clearly erroneous.  *See United States v. McGee*, 890 F.3d 730, 734 (8th Cir. 2018).

Nor is Holt's overall sentence substantively unreasonable.  *See United States v. Callaway*, 762 F.3d 754, 760 (8th Cir. 2014) (stating that a within-Guidelines-range sentence is presumptively reasonable).  The record establishes that the district court sufficiently considered the statutory sentencing factors, 18 U.S.C. § 3553(a), and did not rely on an improper factor or commit a clear error of judgment.  *See United States v. Feemster*, 572 F.3d 455, 461 (8th Cir. 2009) (en banc).

After independently reviewing the record under *Penson v. Ohio*, 488 U.S. 75 (1988), we ordered supplemental briefing to address a potential conflict between the oral pronouncement imposing "drug testing" and a special condition added later to the district court's written judgment.  The special condition—which would require

Holt to refrain from using alcohol, attend substance-abuse treatment "as recommended," and potentially pay for a portion of it himself—conflicts with the limited drug-testing requirement orally announced at sentencing. We therefore vacate the special condition and remand to the district court for clarification, *see United States v. Gustus*, 926 F.3d 1037, 1041 (8th Cir. 2019), but affirm in all other respects.

_____