# United States Court of Appeals
### For the Eighth Circuit

_____

No. 21-1403
_____

United States of America

*Plaintiff - Appellee*

v.

Edward R. Hansen

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of Nebraska - Lincoln

_____

Submitted: November 18, 2021
Filed: March 3, 2022

_____

Before BENTON, KELLY, and ERICKSON, Circuit Judges.

_____

ERICKSON, Circuit Judge.

Edward Hansen pled guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). On appeal, Hansen contends that the district court[1] erred in denying his motion for a <u>Franks</u> hearing. We affirm.

_____

[1]The Honorable Richard G. Kopf, Senior United States District Judge for the District of Nebraska, adopting the report and recommendations of the Honorable Cheryl R. Zwart, United States Magistrate Judge for the District of Nebraska.

## I.    BACKGROUND

Hansen lived with his girlfriend, Jessica Proskocil, at 1114 T Street in Ord, Nebraska.  On Monday, April 3, 2017, Ord Police Officer Paul Deaver reviewed records that indicated Proskocil had purchased a 12-gauge shotgun.  She listed her address as the home she shared with Hansen on the purchase form.

Knowing Hansen had a prior felony conviction, Officer Deaver arranged for a trash pull at his residence the same day.  Officer Deaver rode to the property in a garbage truck operated by J&J Sanitation.  Upon arrival, he saw a trash container on the east side of the garage.  He retrieved the trash container and emptied the contents into the garbage truck.  Officers sorted through the trash and found gun catalogs, a plastic baggie containing marijuana, and a transaction history documenting Hansen's purchases of various gun parts.

Officer Deaver prepared a warrant application and affidavit summarizing the circumstances and the findings of the garbage search.  A Nebraska state court judge issued a warrant authorizing a search of Hansen's residence, where law enforcement discovered and seized firearms and ammunition.  A federal grand jury indicted Hansen for being a felon in possession of a firearm.

Hansen moved to suppress the evidence seized from his home and sought a Franks v. Delaware, 438 U.S. 154 (1978), hearing.  Hansen alleged that Officer Deaver omitted material information from the warrant affidavit when he failed to mention that his trash container was located on private property.  In an affidavit of his own, Hansen acknowledged that J&J Sanitation normally collected his trash on Mondays.  But Hansen asserted he had an agreement with the company not to pick up his trash unless he moved the container "to a public property location" 200 feet east of his garage.  Hansen claimed he told J&J Sanitation not to use the "driveway" leading to his house because the garbage trucks tore up the gravel.

Both Hansen and the government filed aerial photographs of the property. The images display a main north-south road labelled "S 11th St." A road marked "T St" branches off to the east. To the west is a sideways U-shaped road identified as "S St" that attaches to "S 11th St" at each end. Hansen's house is inside the apex of the "U" on the east side of "S St." His garage is across the road on the west side. The trash container was located at the southeast corner of the garage. Hansen claimed that when he wanted his trash collected, he placed his container near where the north branch of "S St" intersects with "S 11th St."

The district court denied Hansen's motion for a Franks hearing. Hansen pled guilty, and the district court sentenced him to a term of 36 months in prison.

## II.  DISCUSSION

We review the denial of a Franks hearing for abuse of discretion. United States v. Bradley, 924 F.3d 476, 481 (8th Cir. 2019). To receive a hearing, "a defendant must make a substantial preliminary showing that there was an intentional or reckless" omission from a warrant affidavit that "was necessary to the finding of probable cause." United States v. Snyder, 511 F.3d 813, 816 (8th Cir. 2008). "This substantiality requirement is not met lightly and requires a defendant to offer specific allegations along with supporting affidavits or similarly reliable statements." United States v. Gonzalez, 781 F.3d 422, 430 (8th Cir. 2015). We infer "reckless disregard for the truth . . . from the omission of information from an affidavit only when the material omitted would have been clearly critical to the finding of probable cause." United States v. Short, 2 F.4th 1076, 1081 (8th Cir. 2021) (quoting United States v. Carnahan, 684 F.3d 732, 735 (8th Cir. 2012)).

Hansen claims that if the warrant affidavit had fully described the layout of his property, the issuing judge would not have considered the evidence obtained from the trash pull because it would have been evident that the items were seized in violation of the Fourth Amendment. Searching an individual's garbage without a warrant is unconstitutional if he has "a subjective expectation of privacy in [his]

garbage that society accepts as objectively reasonable." California v. Greenwood, 486 U.S. 35, 39 (1988). "[T]he proper focus under Greenwood [remains] whether the garbage was readily accessible to the public so as to render any expectation of privacy objectively unreasonable." United States v. Thompson, 881 F.3d 629, 632 (8th Cir. 2018) (second alteration in original) (quoting United States v. Comeaux, 955 F.2d 586, 589 (8th Cir. 1992)).

Hansen failed to make a substantial preliminary showing that there was a material omission from the warrant affidavit. Based on how he frames his argument, the reasonableness of Hansen's expectation of privacy in his trash hinges on the status of "S St." Hansen asserts that "S St" is actually his driveway. This is belied by the aerial photographs which designate it as a public street. If this is so, the facts here become like Thompson. We determined there that the defendant's trash container was readily accessible to the public because he placed it in his driveway in an unobstructed location easily visible from the street on the regularly scheduled day for garbage collection. Id. Assuming "S St" is a public thoroughfare, Hansen left his trash container in the open next to the road on a Monday, the day he admits J&J Sanitation usually collected his garbage. A more complete description of the property would not have been "clearly critical" to the probable cause determination. Short, 2 F.4th at 1081.

In contrast, Hansen describes the trash pull as taking place within the curtilage of his garage adjacent to a "road that has every appearance of a private driveway." He reasons that because "S 11th St" is the "only street in the vicinity that the general public would be likely to use," his trash container obscured by trees more than 200 feet away "was not readily accessible to strangers." Neither party provided sufficient evidence for the district court to determine whether "S St" was a public street. Instead, the parties each advanced their own images and interpretations of "S St" without ever attempting to prove whether the street was public or private. Faced with this ambiguity, the district court relied on the burden of proof in deciding the issue. Because Hansen bore the burden of proof, the failure to show that "S St" was private was fatal to his claim.

-4-

Hansen additionally asserts that the warrant affidavit misleadingly omitted the details of his trash collection agreement with J&J Sanitation. A Franks claim based on factual omissions must establish "that facts were omitted with the intent to make, or in reckless disregard of whether they make, the affidavit misleading." United States v. Bausby, 720 F.3d 652, 657 (8th Cir. 2013) (quoting United States v. Allen, 297 F.3d 790, 795 (8th Cir. 2002)). Nothing in the record suggests Officer Deaver was or should have been aware of the purported agreement. See Hawkins v. Gage Cnty., 759 F.3d 951, 959 (8th Cir. 2014) (finding no Franks violation where officer lacked knowledge of allegedly omitted facts). As a result, Hansen's "mere allegation standing alone . . . is insufficient to make the difficult preliminary showing." United States v. Mathison, 157 F.3d 541, 548 (8th Cir. 1998).

When making discretionary decisions, a district court "has a range of choice, and its decision will not be disturbed as long as it stays within that range and is not influenced by any mistake of law." United States v. Charles, 531 F.3d 637, 641 (8th Cir. 2008) (cleaned up). Whether "S St" is a private driveway or a public street is unclear from the record. Nor are there corroborated allegations that Officer Deaver knew or should have known about Hansen's agreement with J&J Sanitation. In these circumstances, we cannot say Officer Deaver "must have entertained serious doubts as to the truth of his statements or had obvious reasons to doubt the accuracy of the information." United States v. Reed, 921 F.3d 751, 756 (8th Cir. 2019) (quoting United States v. Conant, 799 F.3d 1195, 1200 (8th Cir. 2015)). The district court acted within its broad discretion when it determined that Hansen failed to make the required preliminary showing.

## III. CONCLUSION

The district court did not abuse its discretion in denying Hansen's motion for a Franks hearing. We affirm the judgment.

_____