# United States Court of Appeals
## For the Eighth Circuit

_____

No. 23-3254
_____

United States of America

*Plaintiff - Appellee*

v.

Cameron A. Bryant

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Eastern District of Arkansas - Central
_____

Submitted: June 14, 2024
Filed: July 30, 2024
[Unpublished]
_____

Before COLLOTON, Chief Judge, MELLOY and GRUENDER, Circuit Judges.
_____

PER CURIAM.

State and federal law enforcement authorities investigated Cameron Bryant for his suspected involvement in a drug-trafficking conspiracy. In January 2018, officers followed one of Bryant's suspected co-conspirators to 3 Treasure Hill Circle after they observed the co-conspirator sell methamphetamine to a confidential source. Officers determined that Bryant and another member of the suspected conspiracy, Sparkle Hobbs, resided in the house. In early February, officers

conducted a "trash pull," collecting four trash bags from the trash bin in front of 3 Treasure Hill Circle. They recovered a vacuum-sealed bag containing white, crystalline residue that field-tested positive for methamphetamine; an additional empty vacuum-seal bag and two "corner-cut" baggies; a small piece of a green, leafy substance; a piece of mail addressed to 3 Treasure Hill Circle; and an empty box of ammunition. After the trash pull, officers spoke with their confidential source who set up a methamphetamine purchase with a suspected co-conspirator believed to be supplied by Bryant, the same co-conspirator previously seen at 3 Treasure Hill Circle. Surveillance further corroborated this belief: officers witnessed Bryant and the co-conspirator leave 3 Treasure Hill Circle together, Bryant followed the co-conspirator to a location where the co-conspirator sold drugs to the confidential source, and the co-conspirator then got into Bryant's car immediately after the sale. Armed with this information, the officers obtained a warrant to search 3 Treasure Hill Circle later that month. During the search, officers found Bryant hiding under a bed. A handgun sat on the bed right above him. After arresting Bryant and Hobbs, the officers completed their search of the residence and seized drugs and drug paraphernalia. In March, Bryant and Hobbs were indicted on federal drug charges. Though initially detained, Bryant was allowed pretrial release in April 2019.

The authorities eventually began to suspect that Bryant was dealing drugs while on pretrial release. In July 2020, federal agents observed Bryant leave his residence at 17 Connolly Court in Little Rock, Arkansas, and drive to a Dollar General store. After agents twice witnessed Bryant sell drugs, they tried to arrest him. Bryant attempted to escape, but he was ultimately caught. Officers secured search warrants for 17 Connolly Court, as well as Bryant's cell phones and car. Agents found about one ounce of fentanyl and $5,712.00 in cash at the house and more fentanyl and $8,165.00 in cash in the car. The search of Bryant's cell phones revealed numerous text messages evidencing Bryant's drug distribution.

A grand jury eventually returned a superseding indictment charging Bryant with seven counts related to his drug possession and distribution. Bryant filed four motions to suppress, seeking suppression of five categories of evidence: (1) the evidence obtained from the warrantless "trash pull," (2) the evidence obtained from

the subsequent search of 3 Treasure Hill Circle, (3) the evidence obtained from the search of Bryant's cell phones, (4) the evidence obtained from the search of 17 Connolly Court, and (5) the evidence obtained from the search of Bryant's car. The district court[1] denied the motions without holding an evidentiary hearing. Bryant then conditionally pleaded guilty to one count of conspiracy to distribute methamphetamine in exchange for the dismissal of the remaining charges. *See* 21 U.S.C. §§ 841(a)(1), 846. In his plea agreement, Bryant reserved his right to appeal the denial of his motions to suppress, and he now exercises that right. *See* Fed. R. Crim. P. 11(a)(2).

On an appeal from the denial of a motion to suppress, we review the district court's factual findings for clear error and its legal conclusions *de novo. United States v. Martin*, 15 F.4th 878, 881 (8th Cir. 2021). If the denial of a motion to suppress was predicated on the good-faith exception established in *United States v. Leon*, 468 U.S. 897 (1984), we "defer[] to a finding of good faith unless clearly erroneous, but review[] de novo conclusions about the objective reasonableness of the officers' reliance." *United States v. Norey*, 31 F.4th 631, 635 (8th Cir. 2022) (internal quotation marks omitted). And if a defendant challenges the district court's decision not to hold an evidentiary hearing, we review this decision for abuse of discretion. *See United States v. Williams*, 669 F.3d 903, 905 (8th Cir. 2012).

The Fourth Amendment secures the "right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. Const. amend. IV. This generally requires that the Government "obtain a warrant prior to a search." *United States v. Francis*, 327 F.3d 729, 735 (8th Cir. 2003); *see also Michigan v. Fisher*, 558 U.S. 45, 47 (2009) ("[S]earches and seizures inside a home without a warrant are presumptively unreasonable . . . ."). Such a warrant shall not issue "but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." U.S. Const. amend. IV; *see also United States v. Mayweather*, 993 F.3d

---

[1]The Honorable Kristine G. Baker, Chief Judge, United States District Court for the Eastern District of Arkansas.

1035, 1040 (8th Cir. 2021). To determine whether probable cause exists, the issuing judge "must make a common-sense decision based on the totality of the circumstances set forth in the affidavit as to whether there is a fair probability that contraband or evidence of a crime will be found in a particular place." *Id*. at 1040-41 (internal quotation marks omitted). "[W]e afford 'great deference' to that determination." *Id.* And even if we determine that a warrant was issued without probable cause, "[u]nder the *Leon* good-faith exception, disputed evidence will be admitted if it was objectively reasonable for the officer executing a search warrant to have relied in good faith on the judge's determination that there was probable cause to issue the warrant." *Id.* at 1041.

Bryant first argues that the district court erred by failing to suppress the evidence obtained by officers from the warrantless trash pull. Bryant also says that the district court abused its discretion by failing to conduct an evidentiary hearing on the issue.

"Searching an individual's garbage without a warrant is unconstitutional if he has a subjective expectation of privacy in his garbage that society accepts as objectively reasonable." *United States v. Hansen*, 27 F.4th 634, 637 (8th Cir. 2022) (internal quotation marks omitted). "It is well established that there is no reasonable expectation of privacy in trash left for collection in an area accessible to the public." *United States v. Thompson*, 881 F.3d 629, 632 (8th Cir. 2018) (internal quotation marks omitted). We have applied this rule to trash left on a street curb. *See Williams*, 669 F.3d at 905.

In the affidavit supporting the warrant application for 3 Treasure Hill Circle, an officer swore that law enforcement "collected four white trash bags from the trash receptacle at #3 Treasure Hill Circle in Little Rock." According to the affidavit, "[t]he receptacle was located at the end of the driveway near the street waiting for pickup." Bryant complains that the affidavit did not "objectively describe[] the distance between the location of the garbage and [Bryant's] house, . . . [or] whether there w[ere] any 'no trespass' signs near the end of the driveway," explain whether "the garbage was found and pulled on a regularly-scheduled collection day," or

provide any other details. But the absence of these details does not call into doubt that the trash was "readily accessible to the public." *Thompson*, 881 F.3d at 632. Our cases establish that no reasonable expectation of privacy exists under the circumstances that are described in the warrant affidavit. *See id.*; *Hansen*, 27 F.4th at 637. Thus, the denial of the motion to suppress the trash pull evidence was proper.

The district court also did not abuse its discretion by not holding an evidentiary hearing on the issue. "A district court presented with a motion to suppress need not hold an evidentiary hearing as a matter of course, and a hearing is unnecessary if the district court can determine that suppression is unwarranted as a matter of law." *United States v. Yielding*, 657 F.3d 688, 705 (8th Cir. 2011). The affidavit accompanying the warrant application provides the only evidence presented about the location of the trash. *See Williams*, 669 F.3d at 905 ("There is, of course, a presumption of validity with respect to the affidavit supporting the search warrant."). Bryant did not proffer to the district court any evidence contradicting the warrant affidavit's characterization of the trash pull, nor does he argue on appeal that, had he been granted a hearing, he would have presented such evidence. Instead, he points out the lack of certain details contained in the warrant application and asserts that, in light of this lack of details, the district court should have held a hearing to "explore" the circumstances surrounding the trash pull. But, as discussed above, the details contained in the warrant were sufficient under our precedent to establish as a matter of law that Bryant did not have a reasonable expectation of privacy in the trash. The district court did not abuse its discretion by declining to hold an evidentiary hearing. *See United States v. Hill*, 750 F.3d 982, 986 (8th Cir. 2014) (affirming denial of motion to suppress without a hearing where defendant lacked a reasonable expectation of privacy as a matter of law).

Bryant also argues that the evidence from each of the four warrant-authorized searches should be suppressed. The district court found that all four warrants were supported by probable cause. But the district court also alternatively found that, if any or all of the warrants were invalid for lack of probable cause, the evidence obtained from each search would still be admissible pursuant to the *Leon* good-faith exception. Though Bryant challenges the district court's probable-cause

determinations, he does not challenge the district court's conclusion that the evidence obtained from each of the searches was nevertheless admissible pursuant to the *Leon* good-faith exception. The district court's alternative holdings were an independent basis for denying the motions to suppress. *See, e.g.*, *United States v. Lindsey*, 43 F.4th 843, 849 (8th Cir. 2022). Because Bryant does not contest these alternative holdings on appeal, we conclude that he has waived any challenge to them. *See United States v. Stephen*, 984 F.3d 625, 630-31 (8th Cir. 2021); *see also*, *e.g.*, *United States v. Henry*, 848 F.3d 1, 8 (1st Cir. 2017) (affirming denial of motion to suppress where defendant failed to challenge alternative holding based on *Leon*). Accordingly, we affirm the district court's determinations on the alternative ground not challenged on appeal.

For the foregoing reasons, we affirm the denial of the motions to suppress.

_____